UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| AARON LARRY BOWMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. _____ |
| | * | |
| | * | JUDGE _____ |
| OUACHITA PARISH SHERIFF'S | * | |
| OFFICE, ET AL. | * | MAGISTRATE JUDGE _____ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendant, the Louisiana Department of Public Safety & Corrections (Office of State Police) (the body corporate incorrectly identified, named and referred to as "Louisiana State Police Department" in the caption and body of the Petition for Damages for Police Misconduct and Excessive Force) ("DPSC"), hereby files notice pursuant to 28 U.S.C. § 1441, *et seq.*, of removal the civil action filed by the plaintiff, Aaron Larry Bowman (referred to herein as "the Plaintiff") from the 4th Judicial District Court in and for the Parish of Ouachita, State of Louisiana, to the United States District Court for the Western District of Louisiana.

1.

A civil action bearing Docket No. 20-2498 Sec. C1 and entitled "Aaron Larry Bowman v. Ouachita Parish Sheriff's Office, et al." was commenced on September 21, 2020 in the 4th Judicial District Court in and for the Parish of Ouachita, State of Louisiana, and that action is now pending in Ouachita Parish.[1]

---

[1] Exhibit A, *in globo* –State Court Record, pp. 1-12 (Petition for Damages for Police Misconduct and Excessive Force).

Page 1

2.

In the Petition for Damages for Police Misconduct and Excessive Force, the Plaintiff identifies, names and/or sues as defendants: (a) Ouachita Parish Sheriff's Office; (b) Sheriff Jay Russell; (c) Metro Narcotics Unit; (d) Monroe Police Department; (e) Louisiana State Police Department; (f) University of Louisiana at Monroe Police Department; (g) City of Monroe, Parish of Ouachita; and (h) Deputy Donovan Ginn.[2]

3.

The Plaintiff alleges in the Petition for Damages for Police Misconduct and Excessive Force that [law enforcement] officers followed him by car to his home on May 30, 2019, pulled into his driveway and questioned him, then pulled him out of his car, dragged him to the ground and began to hit and kick him.[3]

4.

The Plaintiff further alleges that the owner of the car that the Plaintiff occupied gave the officers consent to search the car but the Plaintiff alleges that he was not arrested following the officers' search of the car.[4]

---

[2] Defendants, Monroe Police Department and the City of Monroe, Parish of Ouachita, are collectively referred to herein as "the Monroe Defendants."

Defendant, the University of Louisiana at Monroe Police Department, is referred to herein as the Board of Supervisors for the University of Louisiana System ("the Board").

Defendants, Ouachita Parish Sheriff's Office, Sheriff Jay Russell and Deputy Donovan Ginn, are collectively referred to herein as "the Ouachita Defendants."

[3] Exhibit A, *in globo*, pp. 2, 3 (paragraphs nos. 6- 8, 10-12 of the Petition for Damages for Police Misconduct and Excessive Force).

[4] Exhibit A, *in globo*, p. 4 (paragraph no. 22 of the Petition for Damages for Police Misconduct and Excessive Force).

5.

The Plaintiff further alleges that Deputy Donovan Ginn obtained a warrant for the Plaintiff's arrest approximately three or four days later and bond allegedly was set.[5]

6.

The Plaintiff specifically alleges that [the officers'] actions . . . were unreasonable, unnecessary, violated police protocol and procedure, excessive force, negligent, and exercise of bad judgment, and violated [the Plaintiff's] 4th and 14th Amendment of the United States Constitution and certain Louisiana Constitutional rights."[6]

7.

More specifically, the Plaintiff states in the Petition for Damages for Police Misconduct and Excessive Force that "this matter arises under 42 U.S.C. section 1983, *et seq*."[7]

8.

This civil action is one in which the United States District Court for the Western District of Louisiana unquestionably has jurisdiction by reason of 28 U.S.C. §§ 1331 and 1343 and because claims asserted by the Plaintiff allegedly arise under the Fourth and Fourteenth Amendments to the U.S. Constitution.[8]

---

[5] Exhibit A, *in globo*, p. 4 (paragraphs nos. 20, 22 of the Petition for Damages for Police Misconduct and Excessive Force).

[6] Exhibit A, *in globo*, p. 4 (paragraph no. 23 of the Petition for Damages for Police Misconduct and Excessive Force).

[7] Exhibit A, *in globo*, p. 2 (paragraph no. 2 of the Petition for Damages for Police Misconduct and Excessive Force).

[8] Exhibit A, *in globo*, p. 4 (paragraph no. 23 of the Petition for Damages for Police Misconduct and Excessive Force).

9.

A constitutional tort claim under 42 U.S.C. § 1983 is facially removable because it is a civil action founded on claims under the Constitution and/or laws of the United States.[9]

10.

Venue of the removed action is proper in this Court because the parish from which the state court action has been removed belongs to and/or forms part of the United States District Court for the Western District of Louisiana, Monroe Division.[10]

11.

This Notice of Removal has been filed within thirty days of the purported (albeit defective/deficient) service of the Plaintiff's Petition for Damages for Police Misconduct and Excessive Force on DPSC. Therefore, this Notice of Removal is timely.[11]

12.

By filing this Notice of Removal, DPSC expressly consents to the removal to federal court.

---

[9] *Quinn v. Guerrero*, 863 F.3d 353, 358-359 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 682, 199 L.Ed.2d 537 (2018); *Carr v. Capital One, N.A.*, 460 Fed.Appx. 461, 467-468 (5th Cir. 2012). *See also* 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 28 U.S.C. § 1441.

[10] *See* 28 U.S.C. § 1441(a); and 28 U.S.C. § 1443.

[11] *See Crockett v. Louisiana Correctional Institute for Women,* 2018 WL 1313170 at *3, 4 (E.D. La. 2018) (recognizing that "[w]hen assessing whether removal was timely, the questions of if and when service occurred are questions of state law" and holding that "the thirty day removal clock never started to run" due to service deficiencies as to the State defendants and finding the defendants' notice of removal was timely) (citing *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 304-05 (5th Cir. 2014) (holding that removal was timely even though defendant filed notice of removal eight months after complaint was filed, and six months after default judgment was entered against defendant, because defendant was never properly served); and *In re Oil Spill*, MDL No. 2179, 2012 WL 4753418, at *2 (E.D. La. Oct. 4, 2012) (holding that thirty-day removal clock only starts when defendant has been "served with the citation *and* the attached petition") (emphasis added)).

13.

As evidenced by the electronically signed consent forms (attached hereto as Exhibit B, *in globo*) provided by their respective attorneys: (1) the Monroe Defendants consent to the removal to federal court; and (2) the Board consents to the removal to federal court. Efforts by the consenting defendants to confer with the law firm believed to represent the Ouachita Defendants (noting that no counsel has enrolled yet and no record appearances have been made on behalf of the Ouachita Defendants in the state court proceeding) have been made but contact has yet to be made.[12]

14.

All process, pleadings and orders filed in the state court action are collectively attached hereto as Exhibit A, *in globo*.

15.

In accordance with the requirements of 28 U.S.C. § 1446(d), DPSC has this day given and served written notice of this removal on all parties by mailing a copy of this pleading and all attachments thereto to Plaintiff's counsel of record, Donecia Banks-Miley.

16.

Undersigned counsel certifies that a Notice of Filing Notice of Removal (attached hereto as Exhibit "C"), along with a copy of this Notice of Removal (including all referenced exhibits),

---

[12] *See* 28 U.S.C. §1446(b)(2)(A).

has contemporaneously been filed with the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, as is required by 28 U.S.C. §1446(d).[13]

17.

In accordance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this Notice of Removal are well-grounded in fact and are warranted by existing law and that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1441, *et seq.*

WHEREFORE, DPSC prays that this Notice of Removal be deemed good and sufficient as required by law, that the aforesaid action, "Aaron Larry Bowman v. Ouachita Parish Sheriff's Office, et al.," bearing Docket No. 20-2498 Sec. C1 on the docket of the 4th Judicial District Court in and for the Parish of Ouachita, State of Louisiana, be removed from that court to the United States District Court for the Western District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which the defendant might be entitled, and that all further proceedings in the state court be discontinued.

<div style="margin-left: 40%;">
Respectfully Submitted,
JEFF LANDRY
Attorney General
BY:   */s/ Jennie P. Pellegrin*
JENNIE P. PELLEGRIN – LA. BAR ROLL NO. 25207
jpellegrin@neunerpate.com
BEN L. MAYEAUX – LA. BAR ROLL NO. 19042
bmayeaux@neunerpate.com
ELIZABETH BAILLY BLOCH – LA. BAR ROLL NO. 37591
bbloch@neunerpate.com
NEUNERPATE
</div>

---

[13] Exhibit "C" – Notice of Filing Notice of Removal and attached Notice of Removal (without exhibits).

One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Box 52828
Lafayette, LA 70505-2828
TELEPHONE: (337) 237-7000   FAX: (337) 233-9450
*Special Assistants Attorneys General and Counsel for the Louisiana Department of Public Safety & Corrections (Office of State Police)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice of Removal (including all exhibits thereto) was forwarded on Thursday, October 22, 2020 to:

☐ Counsel for the plaintiff by United States mail, properly addressed and postage prepaid;

☑ All remaining counsel by United States mail, properly addressed and postage prepaid;

☐ Counsel for the plaintiff by Registered United States mail, return receipt requested, properly addressed and postage prepaid;

☐ All remaining counsel by Registered United States mail, return receipt requested, properly addressed and postage prepaid;

☐ Counsel for the plaintiff by facsimile transmission with confirmation;

☐ All remaining counsel by facsimile transmission with confirmation;

☐ Counsel for the plaintiff by hand delivery;

☐ All remaining counsel by hand delivery;

☑ Counsel for the plaintiff by electronic transmission; and/or

☑ All remaining counsel by electronic transmission.

    */s/ Jennie P. Pellegrin*
COUNSEL