UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| AARON LARRY BOWMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. 3:20-cv-01372 |
| | * | |
| | * | JUDGE TERRY A. DOUGHTY |
| OUACHITA PARISH SHERIFF'S | * | |
| OFFICE, ET AL. | * | MAGISTRATE JUDGE KAREN L. HAYES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RULE 12(b) RESPONSE/MOTION, ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S PETITION FOR DAMAGES FOR POLICE MISCONDUCT AND EXCESSIVE FORCE

Defendant, the Louisiana Department of Public Safety & Corrections (Office of State Police) (the body corporate incorrectly identified, named and referred to as "Louisiana State Police Department" in the caption and body of the Petition for Damages for Police Misconduct and Excessive Force) ("DPSC"), submits this Rule 12(b) response/motion, answer and affirmative defenses to the plaintiff's *Petition for Damages for Police Misconduct and Excessive Force*:

### RULE 12(B) MOTION/RESPONSE

For the reasons set forth in its contemporaneously filed supporting memorandum of law, DPSC presents its response under FED.R.CIV.P. 12 and specifically asserts defenses related to insufficient process and/or service of process, lack of personal jurisdiction, prescription and failure to state a claim (related to vagueness/ambiguity of the petition, vicarious liability under Section 1983, punitive damages and attorney's fees, malicious prosecution under Section 1983 and Eleventh Amendment immunity).

**ANSWER**

1.

The allegations contained in the preamble/introductory paragraph, in paragraph no. 26, in the final unnumbered paragraph immediately prior to the prayer paragraph, and in the prayer paragraph of the Petition for Damages for Police Misconduct and Excessive Force require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in the preamble/introductory paragraph, in paragraph no. 26, in the final unnumbered paragraph immediately prior to the prayer paragraph, and in the prayer paragraph of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

2.

The allegations contained in paragraph no. 1 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and/or fact and therefore require no response.  However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraph no. 1(E) of the Petition for Damages for Police Misconduct and Excessive Force, and DPSC denies the allegations contained in paragraph no. 1(A-D) and (F-H) of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

3.

The allegations contained in paragraph no. 2 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and therefore require no response. However, should an answer be deemed necessary, DPSC admits that this Court has jurisdiction over the claims as alleged in the Petition for Damages for Police Misconduct and Excessive Force.

4.

The allegations contained in paragraph no. 3 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and fact and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegation contained therein about the parties' domiciliary status and denies for lack of sufficient information to justify a belief as to the truth of the matters contained therein the allegation contained therein about where the alleged actions occurred.

5.

DPSC denies as written the allegations contained in paragraph no. 4 of the Petition for Damages for Police Misconduct and Excessive Force insofar as they pertain to DPSC. Otherwise, DPSC denies the allegations contained in paragraph no. 4 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

6.

DPSC denies the allegations contained in paragraphs nos. 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 21, 22 and 23 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

7.

The allegations contained in paragraphs nos. 13 and 14 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and/or fact and/or call for a medical conclusion/opinion and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraphs nos. 13 and 14 of the Petition for

Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

8.

The allegations contained in paragraphs nos. 18, 25, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46, 47, 48 and 49 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraphs nos. 18, 25, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46, 47, 48 and 49 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein. DPSC further denies applicability of the paraphrased provisions of the Louisiana Code of Civil Procedure contained within paragraphs nos. 36, 37, 40 and 41 of the Petition for Damages for Police Misconduct and Excessive Force.

9.

The allegations contained in paragraph no. 19 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and/or fact and/or call for a medical conclusion/opinion and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraph no. 19 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein because the referenced Exhibit B never was served on nor was it otherwise provided to DPSC.[1]

---

[1] See Rec. Doc. 1-2, p. 53.

10.

DPSC denies the allegations contained in paragraph no. 20 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein. Moreover, the referenced police report is the best evidence of its contents.

11.

The allegations contained in paragraph no. 24 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraph no. 24 insofar as they pertain to it.

12.

The allegations contained in paragraph no. 27 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DPSC denies as written the allegations contained in paragraph no. 27 of the Petition for Damages for Police Misconduct and Excessive Force insofar as they pertain to DPSC. Otherwise, DPSC denies the allegations contained in paragraph no. 27 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

13.

The allegations contained in paragraph no. 29 of the Petition for Damages for Police Misconduct and Excessive Force require no response. However, DPSC denies the allegation contained in paragraph no. 29 insofar as it references and purports to be a citation from the Fourteenth Amendment but instead is a citation from the Fourth Amendment.

14.

The allegations contained in paragraph no. 39 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of fact and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraph no. 39 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

15.

The allegations contained in paragraph no. 45 of the Petition for Damages for Police Misconduct and Excessive Force state conclusions of law and/or fact and/or call for a medical conclusion/opinion and therefore require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraph no. 45 of the Petition for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

16.

The allegations contained in paragraph no. 50 require no response. However, should an answer be deemed necessary, DPSC denies the allegations contained in paragraph no. 50 of the Petition for Damages for Police Misconduct and Excessive Force.

17.

The allegations contained in the first unnumbered paragraph immediately following paragraph no. 50 of the Petition for Damages for Police Misconduct and Excessive Force require no response. However, should an answer be deemed necessary, DPSC denies as written the allegations contained in the first unnumbered paragraph immediately following paragraph no. 50 of the Petition

for Damages for Police Misconduct and Excessive Force for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

## AFFIRMATIVE DEFENSES

AND NOW, FURTHER ANSWERING, DPSC specifically asserts the following alternative defenses:

### First Defense

The plaintiff does not have and/or fails to state a claim against DPSC upon which relief can be granted.

### Second Defense

The plaintiff's claims are barred because any actions DPSC took with regard to the plaintiff were justified, made in good faith and for good cause and without malice; and were essential and necessary to the operation of DPSC's business and protection of the public.

### Third Defense

The plaintiff's alleged injuries and damages, if any, were caused by his own respective negligence, fault and/or actions, and/or the fault and/or actions of others for whom DPSC is not legally responsible and/or liable.

### Fourth Defense

If the plaintiff is found to have suffered damages and if it is found that the plaintiff's damages were caused by and/or resulted from the negligence, fault and/or actions of DPSC or anyone for whom it/they is/are or may be responsible, all of which is not admitted but is specifically denied, DPSC avers that the plaintiff's damages also were caused by and/or contributed to and/or aggravated by the plaintiff's own respective negligence and/or breach of duty and/or by the negligence and/or breach of duty by others for whom DPSC has no responsibility, which precludes

and bars any recovery by the plaintiff against DPSC and/or operates in mitigation of any recovery to which the plaintiff ultimately may be entitled.

## Fifth Defense

If DPSC is adjudged liable for the damages alleged, DPSC avers that any judgment against it should be reduced by the amount of the plaintiff's and/or others' fault, contributory negligence, comparative fault, actions, assumption of the risk and/or failure to mitigate.

## Sixth Defense

The plaintiff failed to avoid the harm complained of in the Petition for Damages for Police Misconduct and Excessive Force.

## Seventh Defense

The plaintiff failed to mitigate his damages, if any.

## Eighth Defense

To the extent that the plaintiff has a claim or cause of action against it for punitive damages, which DPSC denies, the plaintiff's claims for punitive damages are barred insofar as they violate the Fifth and Fourteenth Amendments of the United States Constitution and/or otherwise are not authorized by the Eleventh Amendment.[2]

## Ninth Defense

To the extent that the plaintiff has a claim or cause of action against it for punitive damages, which DPSC denies, the plaintiff's claims for punitive damages are barred because the alleged acts or omissions of DPSC fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless indifference to the plaintiff's state or federally protected rights, and is not so wanton or willful as to support an award of punitive damages.

---

[2] 42 U.S.C.A. § 1981a (b)(1). *See also Clay v. Texas Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984).

<u>Tenth Defense</u>

DPSC respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and reserves the right to supplement and/or amend this answer to assert any additional affirmative defenses as may hereinafter be appropriate.

<u>Eleventh Defense</u>

The plaintiff is estopped from pursuing the claims in the Petition for Damages for Police Misconduct and Excessive Force by reason of his own actions, course of conduct, previous proceedings, and conflicting contentions.

<u>Twelfth Defense</u>

The plaintiff's claims are barred by the doctrine of laches.

<u>Thirteenth Defense</u>

DPSC avers that it engaged in good faith efforts to comply with all state and federal laws, regulations, and rules.

<u>Fourteenth Defense</u>

DPSC is entitled to absolute and/or qualified immunity and/or limitation of damages and/or liability pursuant to the Constitution and/or laws of the State of Louisiana, including, but not limited to LSA-R.S. 9:2798.1, LSA-R.S. 13:5106 and/or LSA-R.S. 13:5112.

<u>Fifteenth Defense</u>

DPSC affirmatively pleads all protections and limitations available to departments, boards, commissions, agencies and/or political subdivisions of the State of Louisiana, including, but not limited to those enumerated in LSA-R.S. 13:5101, et seq.

Sixteenth Defense

DPSC affirmatively avers that comparative fault principles, particularly the law of joint and divisible liability set forth in LSA-C.C. Arts. 2323(A) & (B) and 2324, apply to the plaintiff's claims.

Seventeenth Defense

The plaintiff is not entitled to an award of punitive damages with respect to his claims against DPSC.

Eighteenth Defense

In the event that this court finds that the actions or conduct of employees of DPSC (or anyone else deemed to be a "covered individual" under LSA-R.S. 13:5108.1(E)) caused injury or damage to the plaintiff, which is not admitted but specifically denied, DPSC avers: (1) that such actions and/or behavior was not within the scope of employment; (2) that such actions and/or behavior constitute criminal conduct; and/or (3) that such actions and/or behavior constitute gross negligence. As a consequence, any such employee of DPSC (or anyone else deemed to be a "covered individual" under LSA-R.S. 13:5108.1(E)) is not entitled to the defense and/or the indemnity afforded to a "covered individual" under LSA-R.S. 13:5108.1.

Nineteenth Defense

DPSC is entitled to contribution and/or indemnity from others for any amounts that DPSC may be condemned to pay.

Twentieth Defense

The plaintiff's claims are time-barred and/or prescribed.

Twenty-First Defense

The plaintiff's claims are barred by the doctrine(s) of issue-preclusion and/or claim-preclusion, or they have not yet accrued.

Twenty-Second Defense

Supervisory officials are not liable under 42 U.S.C. § 1983 for the actions of subordinate employees.[3]  Thus, DPSC cannot be vicariously liable for any constitutional deprivation(s) allegedly committed by its employees.

Further, DPSC expressly reserves the right to amend this answer to plead such affirmative defenses and other defenses if new facts come to light and/or as further investigation and/or discovery may warrant.

DPSC requests a trial by jury on all issues so triable.

WHEREFORE, DPSC prays that this Rule 12(b) response/motion and answer be deemed good and sufficient and that after all due proceedings are had herein there be judgment in its favor and against the plaintiff, dismissing the plaintiff's demands against it with full prejudice and at the plaintiff's sole cost, and subject to an attorney fee award in favor of DPSC under 42 U.S.C. § 1988,

---

[3] *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) (citing *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985) (per curiam); and *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1297–98, 1298 n. 7, 89 L.Ed.2d 452 (1986) (discussing rule that vicarious liability does not apply in claim brought under §1983)); and *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

and for all general and equitable relief, etc.

>Respectfully Submitted,
>JEFF LANDRY
>Attorney General
>BY:   /s/ Jennie P. Pellegrin
>JENNIE P. PELLEGRIN – LA. BAR ROLL NO. 25207
>jpellegrin@neunerpate.com
>BEN L. MAYEAUX – LA. BAR ROLL NO. 19042
>bmayeaux@neunerpate.com
>ELIZABETH BAILLY BLOCH – LA. BAR ROLL NO. 37591
>bbloch@neunerpate.com
>NEUNERPATE
>One Petroleum Center, Suite 200
>1001 West Pinhook Road (zip 70503)
>Post Office Box 52828
>Lafayette, LA 70505-2828
>TELEPHONE: (337) 237-7000   FAX: (337) 233-9450
>*Special Assistants Attorneys General and Counsel for the Louisiana Department of Public Safety & Corrections (Office of State Police)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, a copy of the Rule 12(b) Response/Motion, Answer and Affirmative Defenses to the Plaintiff's Petition for Damages for Police Misconduct and Excessive Force was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to all counsel by operation of the Court's electronic filing system.