UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| AARON LARRY BOWMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. 3:20-cv-01372 |
| | * | |
| | * | JUDGE TERRY A. DOUGHTY |
| OUACHITA PARISH SHERIFF'S | * | |
| OFFICE, ET AL. | * | MAGISTRATE JUDGE KAREN L. HAYES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF RULE 12(b) RESPONSE/MOTION TO THE PLAINTIFF'S PETITION FOR DAMAGES FOR POLICE MISCONDUCT AND EXCESSIVE FORCE

Defendant, the Louisiana Department of Public Safety & Corrections (Office of State Police) (the body corporate incorrectly identified, named and referred to as "Louisiana State Police Department" in the caption and body of the Petition for Damages for Police Misconduct and Excessive Force) ("DPSC"), submits this memorandum in support of its Rule 12(b) response/motion relative to the plaintiff's *Petition for Damages for Police Misconduct and Excessive Force*:

### FED.R.CIV.P. 12(b)(4) & (5) – INSUFFICIENT PROCESS AND/OR SERVICE OF PROCESS

As evidenced by the instructions included on the last page of the petition and the citation on record with the state court clerk, the plaintiff has yet to request and effect complete and proper service on DPSC. After all, the plaintiff's request for service relative to DPSC was as follows:[1]

> Please serve with copy of Petition:
>
> DEPUTY DONOVAN GINN
> 400 St. John Street
> Monroe, LA 71201

---

[1] See Rec. Doc. 1-2, p. 11 (Petition date-stamped September 21, 2020).

```
OUACHITA PARISH SHERIFF'S OFFICE
400 St. John Street
Monroe, LA 71201

SHERIFF JAY RUSSELL
400 St. John Street
Monroe, LA 71201

UNIVERSITY OF LOUISIANA MONROE
POLICE DEPARTMENT
(Filhiol Hall)
3811 DeSiard Avenue
Monroe, LA 71209

METRO NARCOTICS UNIT
500 Natchitoches Street
West Monroe, LA 71291

LOUISIANA STATE POLICE DEPARTMENT
1240 LA-594
Monroe, LA 71203
```

The citation issued for service relative to DPSC provides (in part):[2]

```
                              CITATION

AARON LARRY BOWMAN            DOCKET NUMBER: C-20202498
                              SEC: C1
VS                            STATE OF LOUISIANA
                              PARISH OF OUACHITA
DEPUTY DONOVAN GINN,          FOURTH JUDICIAL DISTRICT COURT
OUACHITA PARISH SHERIFF'S
OFFICE, JAY RUSSEL, SHERIFF,
UNIVERSITY OF LOUISIANA
MONROE POLICE DEPARTMENT,
METRO NARCOTICS UNIT,
LOUISIANA STATE POLICE
DEPARTMENT, MONROE POLICE
DEPARTMENT, CITY OF MONROE
                              OUACHITA PARISH

TO:
     LOUISIANA STATE POLICE DEPARTMENT
     1240 LA 594
     MONROE, LA 71203

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what
you are being sued for.
```

Under FED.R.CIV.P. 4(j)(2), the plaintiff is required to effect service on DPSC by delivering a copy of the petition and citation to DPSC's chief executive officer or through service in accordance

---

[2] See Rec. Doc. 1-2, p. 45 (Citation issued on September 24, 2020).

Page 2

with state law.³ Because, however, DPSC's Secretary does not office at Troop F in Monroe but rather at 504 Mayflower Street, Baton Rouge, Louisiana 70802, service was not effected in accordance with Fed.R.Civ.P. 4(j)(2)(A).⁴ Furthermore, because the plaintiff did not request service on the Secretary of DPSC, the Louisiana Attorney General and the Office of Risk Management ("ORM"), service was not effected in accordance with Fed.R.Civ.P. 4(j)(2)(B).⁵

Proper citation is the foundation of all actions, and knowledge of the legal action and/or receipt of the petition fails to satisfy the requirement of citation and service under Louisiana law.⁶ This action therefore should be dismissed.⁷

Closely related/connected to DPSC's motion to dismiss for failure to properly serve is that service on DPSC was insufficient insofar as the petition's referenced Exhibit B never was served on

---

³ *See* LSA-Const. Art. 10 § 41(creating Louisiana State Police Service); LSA-R.S. 36:4 (characterizing DPSC as part of the State's executive branch of government); and LSA-R.S. 36:403 (providing for a secretary of DPSC).

James M. LeBlanc is the duly appointed secretary of DPSC and is the chief executive officer of the Department. He has served 11 years as Secretary and was appointed by two governors. See DPSC About Our Offices, Office of the Secretary https://doc.louisiana.gov/about-the-dpsc/ (follow "About Our Offices/Leadership" hyperlink) (last visited 10/28/2020).

⁴ See DPSC About Our Offices, Contact HQ, https://doc.louisiana.gov/about-the-dpsc/ (last visited 10/28/2020).

⁵ LSA-R.S. 39:1538(D) provides that in actions brought against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his employment:

> . . . process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by LSA-R.S. 13:5107.

⁶ *See Naquin v. Titan Indemnity Company*, 2000-1585 (La. 2/21/01), 779 So.2d 704, 710 (recognizing that "it is well-accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions . . ." and holding that " [t]he argument that the defendants' knowledge of the plaintiff's] suit can somehow fill the role of service of citation lacks merit.") (citations omitted).

⁷ *E.g. Weaver v. State ex rel. Dept. of Transp. And Development*, 2011-0282 (La. App. 1 Cir. 9/30/11), 2011 WL 4544024, at *5.

nor was it otherwise provided to DPSC.[8] LSA-C.C.P. art. 853 provides that a written instrument that is an exhibit to a pleading is a part of the pleading. FED.R.CIV.P. 10(c) states the same. And hornbook law provides that videos are considered exhibits for Rule 10(c) purposes.[9] Thus, the plaintiff failed to satisfy the service requirements due to his failure to request service of the referenced Exhibit B on DPSC and his failure to provide to the clerk a service copy of the referenced Exhibit B for DPSC. At the very least, the plaintiff should be required to provide a more definite statement relative to the missing exhibit.

At the very least, the plaintiff should be required to provide a more definitive statement under FED.R.CIV.P. 12(e) due to his failure to serve Exhibit B on DPSC.[10]

### FED.R.CIV.P. 12(b)(1) – LACK OF PERSONAL JURISDICTION

Because the plaintiff failed to properly serve DPSC, the Court lacks personal jurisdiction over DPSC:

> If there is no valid service of process, proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he or she was properly served.[11]

Consequently, the plaintiff's suit should be dismissed.

### FED.R.CIV.P. 12(b)(6) – PRESCRIPTION

Prescription in actions arising *ex delicto* commences on the day actual and appreciable damage is sustained.[12] The damage need not be calculable or fully incurred but must not be merely

---

[8] See Rec. Doc. 1-2, p. 53.

[9] *See* Baicker-McKee, et al. FEDERAL CIVIL RULES HANDBOOK, p. 400 (Thomson Reuters 2020).

[10] *See Leger v. Redding*, No. CIV.A. 05-1043, 2005 WL 2458028, at *2 (W.D. La. Oct. 3, 2005).

[11] *See Carmouche v. Garber*, No. 6:19-CV-00023, 2020 WL 733236, at *1 (W.D. La. Feb. 12, 2020).

[12] LSA-C.C.P. Art. 3492.

speculative.[13] Here, the plaintiff alleges that the injury-causing events occurred on May 30, 2019, but he did not file this lawsuit until September 21, 2020 – 480 days after the events described in the petition and forming the basis for this lawsuit are alleged to have occurred. Hence, the plaintiff's claims against DPSC are prescribed on their face and should be dismissed.

<strong><u>FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE A CLAIM</u></strong>

1. <u>VAGUENESS/AMBIGUITY OF PETITION</u>

The Civil Rights Act of 1866, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[14] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.[15]

To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[16] A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[17]

---

[13] *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La. 1992).

[14] *Wearry v. Perrilloux*, 391 F.Supp.3d 620, 625 (M.D. La. 2019) (citing references omitted).

[15] *Id.*

[16] *Id.*

[17] *Id.*

In *Bell Atl. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the complaint was dismissed because "the plaintiffs [had] not nudged their claims across the line from conceivable to plausible."[18] In *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009), the Supreme Court observed that "the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature . . . disentitles them to the presumption of truth."[19] Consequently, the Court concluded that the pleadings did not meet the necessary standard:

> Two working principles underlie our decision in *Twombly*. <u>First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions</u>. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. <u>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss</u>. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).[20]

Aside from a few specific references to Deputy Ginn, the plaintiff refers throughout the petition to "officers and deputies," "the deputies/officers," "officers" and "Defendants" but nowhere states with any specificity who the officers and/or deputies were and/or by whom they were

---

[18] *Twombly*, at 547.

[19] *Iqbal*, at 681.

[20] *Iqbal*. at 681 (<u>*emphasis added*</u>).

employed. Given that the plaintiff has identified and named numerous law enforcement groups/offices/entities in his lawsuit, the failure to provide any specificity whatsoever about what action or inaction of DPSC allegedly caused the injuries and/or damage he claims to have sustained, his petition is undeniably vague and therefore fail to meet the requisite pleading standard.

2. VICARIOUS LIABILITY FOR SECTION 1983 CLAIM(S)

It is well-established in the jurisprudence that supervisory officials are not liable under 42 U.S.C. § 1983 for the actions of subordinate employees.[21] Consequently, DPSC cannot be vicariously liable for any constitutional deprivation(s) allegedly committed by its officers and/or employees. For this reason, the plaintiff's Section 1983 vicarious liability claim against DPSC should be dismissed.

3. PUNITIVE DAMAGES AND ATTORNEY'S FEES

The plaintiff has included an express request for an award of punitive damages and attorney's fees in the prayer of the Petition for Damages for Police Misconduct and Excessive Force. However, the plaintiff fails to state a cause of action for which an award of punitive damages and attorney's fees (as prayed for) is warranted and/or permissible insofar as he does not identify any contractual or statutory authority which would allow him to recover such awards under Louisiana and/or federal law.[22]

---

[21] *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) (citing *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985) (per curiam); and *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1297–98, 1298 n. 7, 89 L.Ed.2d 452 (1986) (discussing rule that vicarious liability does not apply in claim brought under §1983)); and *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

[22] *See General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245, 247 (La. 1980) ("Generally, a successful litigant cannot recover attorney's fees except where authorized by statute or contract."); and *Smith v. Wade*, 461 U.S. 30, 56 (1983) (recognizing that Section 1983 authorizes the award of punitive damages against state or local officials in their individual capacity, not in an official capacity and specifically holding that "[a] jury [is] permitted to assess punitive damages in an action under Section 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").

4. <u>MALICIOUS PROSECUTION UNDER SECTION 1983</u>

Federal courts do not recognize a claim for malicious prosecution under either the Fourth or Fourteenth Amendments. The United States Supreme Court has held that a petitioner may not bring a claim pursuant to 42 U.S.C. §1983 to be free from prosecution without probable cause under the Due Process Clause of the Fourteenth Amendment.[23] In concurring with the plurality, Justice Kennedy opined that there was "neither need or legitimacy to invoke §1983" in the context of a malicious prosecution claim, because there was a state law claim available to the plaintiff:

> [O]ur precedents make clear that a state actor's random and unauthorized deprivation of that interest [to be free from malicious prosecution] cannot be challenged under 42 U.S.C. §1983 so long as the State provides an adequate postdeprivation remedy.[24]

Subsequently, the Fifth Circuit ruled that "no freestanding constitutional right to be free from malicious prosecution exists."[25] The court recognized that claims implicating violations of rights under the Fourth Amendment are distinguishable from malicious prosecution:

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.[26]

---

[23] *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

[24] *Albright*, 510 U.S. at 284, 286.

[25] *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003); *see also Danna v. Purgerson*, 760 Fed.Appx. 275, 279-280 (5th Cir. 2019).

[26] *Castellano*, 352 F.3d at 953-954.

Accordingly, the Fifth Circuit does not recognize a claim for malicious prosecution under the Fourth Amendment,[27] and therefore any malicious prosecution claim asserted by the plaintiff may be considered only under Louisiana state law.

5.     11TH AMENDMENT IMMUNITY

The Eleventh Amendment to the United States Constitution bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies and officials unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State.[28] The language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, but the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other States."[29] Furthermore, the scope of the Eleventh

---

[27] *See also Deville v. Marcantel*, 567 F.3d 156, 169-170 (5th Cir. 2009) (citing to *Castellano* to hold that the plaintiff's §1983 claim for malicious prosecution was "not independently cognizable" and affirming summary judgment dismissing that claim).

While the Fifth Circuit has drawn comparisons between malicious prosecution and a Fourth Amendment claim arising from an arrest through the wrongful institution of legal process (*see Winfrey v. Rogers*, 901 F.3d 483, 491-493 (5th Cir. 2018)), the court has found that such claims are cognizable under a false arrest analysis because they are grounded in the plaintiff's "arrest and pretrial detention—not the prosecution itself." *Danna v. Purgerson*, 760 Fed. Appx. 275, 279-280 (5th Cir. 2019). And recently, in *Manuel v. City of Joliet*, -- U.S. --, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017), the Supreme Court declined to take up the issue of whether a malicious prosecution claim could be based on the Fourth Amendment. *Id.* at 920, 921-922, and as noted in dissent at 923.

[28] *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F.Supp.2d 780, 783 (M.D. La. 2014) (citing *Seminole Tribe of Florida v. Florida, et al.,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); and *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)).

[29] *Johnson-Blount*, 994 F.Supp.2d at 783 (citing *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890))).

Amendment extends to actions against state agencies or entities that are classified as "arms of the state."[30]

Although commonly referred to as "Louisiana State Police," Louisiana's statewide law enforcement agency actually is an office within DPSC.[31] Furthermore, "[t]he Louisiana Department of Public Safety and Corrections, Office of State Police, is an agency of the State of Louisiana which has Eleventh Amendment immunity from suit in federal court."[32] Several district courts within the Fifth Circuit have addressed this issue and have held that the Louisiana State Police is considered an arm of the state entitled to Eleventh Amendment immunity.[33] Therefore, the plaintiff's claims against it should be dismissed.

WHEREFORE, DPSC prays that its Rule 12(b) response and/or motion be granted, in whole or in part, and that there be judgment in its favor and against the plaintiff, dismissing some or all of the plaintiff's demands against it with full prejudice and at the plaintiff's sole cost, and subject to an attorney fee award in favor of DPSC under 42 U.S.C. § 1988, and for all general and equitable relief, etc.

---

[30] *Johnson-Blount*, 994 F.Supp.2d at 783 (citing *Regents of the University of California v. John Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); and *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326 (5th Cir.2002)).

[31] *See Kervin v. City of New Orleans,* No. 06-3231, 2006 WL 2849861, at *1, n. 1 (E.D. La. Sept. 28, 2006).

[32] *Wright ex rel. Byrom v. Louisiana Dep't of Pub. Safety & Corr.,* No. 06-0769, 2006 WL 3533121, at *1 (W.D. La. Oct. 23, 2006). *See, also, Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999) (holding that the Eleventh Amendment bars a Section 1983 claim against the Louisiana Department of Public Safety and Corrections); LSA-R.S. 40: 1301 (which created the Department of Public Safety and states that the state police is a division of that department); LSA-R.S. 36:401 (which created the Department of Public Safety and Corrections as a part of the executive branch of Louisiana state government); and LSA-R.S. 36:405(A)(l)(a) (which states that "[t]he office of state police shall be under the immediate supervision and direction of the deputy secretary for public safety services.").

[33] *See*, *e.g.*, *Lavergne v. Louisiana State Police,* No. 6:13-2189, 2014 WL 906285, at *3 (W.D. La. Mar. 7, 2014); *Cupps v. Louisiana State Police,* 2013 WL 2302688, *2 (M.D. La. May 24, 2013); *Hebert v. Louisiana,* No. 12-2116, 2013 WL 352277, *3 (E.D. La. Jan. 29, 2013); *Waldrop v. Bethancourt,* 2010 WL 3312501, *2-3 (E.D. La. July21, 2010); *Higginbotham v. Jones,* 2010 WL 1662475, *2 (W.D. La. Mar. *10,2010); Francis v. Terrebonne Parish Sheriff's Office,* 2009 WL 4730707, *3 (E.D. La. Dec. 9, 2009); *Ougel v. McComb Police Dept.,* 2008 WL 186340, at *2 (E.D. La. Jan. 17, 2008); and *Noble v. Norfolk Southern Corp.,* 2003 WL 1618590, * 6 (E.D. La. Mar. 26, 2003).

Respectfully Submitted,
JEFF LANDRY
Attorney General
BY:   */s/ Jennie P. Pellegrin*
JENNIE P. PELLEGRIN – LA. BAR ROLL NO. 25207
jpellegrin@neunerpate.com
BEN L. MAYEAUX – LA. BAR ROLL NO. 19042
bmayeaux@neunerpate.com
ELIZABETH BAILLY BLOCH – LA. BAR ROLL NO. 37591
bbloch@neunerpate.com
NEUNERPATE
One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Box 52828
Lafayette, LA 70505-2828
TELEPHONE: (337) 237-7000   FAX: (337) 233-9450
*Special Assistants Attorneys General and Counsel for the Louisiana Department of Public Safety & Corrections (Office of State Police)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, a copy of the Memorandum in Support of Rule 12(b) Response/Motion to the Plaintiff's Petition for Damages for Police Misconduct and Excessive Force was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be forwarded to all counsel by operation of the Court's electronic filing system.