**UNITED STATES DISTRICT  COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

AARON LARRY BOWMAN                      CIVIL ACTION NO. 20-CV-1372

v.                                      JUDGE DOUGHTY

OUACHITA PARISH SHERIFF'S               MAGISTRATE JUDGE HAYES
OFFICE, ET AL

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE**</u>
<u>**12(b) OF THE FRCP**</u>

Defendant, Board of Supervisors for the University of Louisiana System (incorrectly identified in plaintiff's Petition for Damages for Police Misconduct and Excessive Force (the "Petition") as the "University of Louisiana Monroe Police Department")(the "Board"), submits this memorandum in support of its Rule 12(b) Motion to Dismiss, as follows:

**1.      <u>Fed R. Civ. P. 12(b)(4) & (5) - Insufficient Process and/or Service</u>**.

As shown by the instructions included on the last page of the Petition (Ex. 1) and citation (Ex. 2), plaintiff has failed to request and effect complete service and proper service on the Board. Specifically, the Plaintiff requested service on the following:

> University of Monroe Police Department
> 3811 Desiard Avenue
> Monroe, LA 71209

(<u>See</u> Exs. 1 and 2).[1]  Under Fed. R. Civ. P. 4(j)(2) the plaintiff is required to effect service on the Board by delivering a copy of the petition and citation to the Board's chief executive officer or through service in accordance with state law.   The Board's Secretary does not office or otherwise

---

[1]  In the Petition, plaintiff added "Filhiol Hall" to the address. (<u>See</u> Ex. 1).

reside at the University of Louisiana at Monroe ("ULM").  Moreover, in order to perfect service on

the Board, plaintiff was also required to serve the petition and citation on the state of Louisiana's

Office of Risk Management and Attorney General, which never occurred, to-date. See La. Rev. Stat.

39:1538(D).[2]  As a result, because plaintiff did not request service on the Secretary of the Board, the

Louisiana Attorney General, and the Office of Risk Management (the "ORM"), service was not

effected in accordance with Fed. R. Civ. P. 4(j)(2)(B).

Proper citation is the bedrock of all civil actions, and simple knowledge of the legal action

and/or receipt of the petition fails to satisfy the requirement of citation and service under Louisiana

law. Naquin v. Titan Indemnity Co., 2000-185 (La. 2/2/01), 779 So2d 704, 710.  This action,

therefore, should be dismissed. Weaver v. State ex rel. Dept. of Transp. And Development, 2011-

0282 (La. App. 1 Cir. 9/30/11), 2011 WL 4544025, at *5.

**2.      Fed. R. Civ. P. 12(b)(1) - Lack of Personal Jurisdiction**.

Because plaintiff failed to properly serve the Board, this Court lacks personal jurisdiction

over the Board. Leger v. Redding, No. Civ.A. 05-1043, 2005 WL 2458028, at *2 (W.D. La. Oct. 3,

2005) (finding if no valid service of process is executed, the proceedings against a party are void

because a court cannot exercise personal jurisdiction over a defendant unless he or she was properly

served).

Accordingly, plaintiff's suit should be dismissed.

---

[2]  La. Rev. Stat. 39:1583(D) provided that in actions brought against the state or any of its agencies to recover damages in tort or money damages against the state or its agencies for injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his employment service of process be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by La. Rev. Stat. 13:1507.

3.      **11th Amendment Immunity**.

The Eleventh Amendment to the United States Constitution bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies and officials, unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State. Johnson-Blount v. Bd. of Sup'rs for S. Univ., 994 F.Supp.2d 780, 783 (M.D. La. 2014).  Further, Eleventh Amendment Immunity bars not only a state's own citizens from filing suit against an unconsenting state but also bars citizens of other states, as well. Id. at 783.  Moreover, the reach and orbit of the Eleventh Amendment extends to actions against state agencies or entities classified as "arms of the state." Id.

Here, th Board is a corporate body created to supervise and manage member institutions, and it has the right to sue and be sued relative to its member institutions. See La. Const. Art. VIII, Section 7 and La. Rev. Stat. 17:3351.  As such, the Fifth Circuit has recognized and directly held, the Board - as an arm of the State of Louisiana - is entitled to Eleventh Amendment Immunity. Johnson-Bount, 994 F.Supp.2d at 783.  Plaintiff's claims against the Board, therefore, should be dismissed.

4.      **Fed. R. Civ. P. 12(b)(6) - Prescription**.

Prescription in actions arising ex delicto commences on the day actual and appreciable damage is sustained. La. Civ. Code Art. 3492.  In this matter, plaintiff alleged his injury-causing event occurred on May 30, 2019; however, plaintiff did not file this lawsuit until September 21, 2020 - 480 days after the events described in the Petition are alleged to have occurred.  Simply put, plaintiff's claims against the Board are prescribed on their face and should be dismissed.

WHEREFORE, the Board prays it Rule 12(b) motion be granted, in whole or in part, and there be judgment in its favor and against plaintiff, dismissing all or some if plaintiff's demands, with prejudice and at plaintiff's cost.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

By: /s/ Steven M. Oxenhandler
Steven M. Oxenhandler, T.A. (#28405)
soxenhandler@goldweems.com
Michael J. O'Shee (#10268)
moshee@goldweems.com
Joshua J. Dara, Jr. (#35739)
jdara@goldweems.com
GOLD WEEMS LAW FIRM
2001 MacArthur Drive
PO Box 6118
Alexandria, LA 71307-6118
Phone 318.445.6471
Facsimile 318.445.6476
**SPECIAL ASSISTANTS ATTORNEYS GENERAL AND COUNSEL FOR THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM**