OUACHITA PARISH* 4TH JUDICIAL DISTRICT COURT* STATE OF LOUISIANA

AARON LARRY BOWMAN       RECEIVED CASE NO.

VS.      SEP 28 2020    **20-2498**

OUACHITA PARISH SHERIFF'S OFFICE,
SHERIFF JAY RUSSELL, METRO NARCOTICS UNIT,
MONROE POLICE DEPARTMENT, LOUISIANA
STATE POLICE DEPARTMENT, UNIVERSITY OF
LOUISIANA AT MONROE POLICE DEPARTMENT,
THE CITY OF MONROE, PARISH OF OUACHITA,
AND DONOVAN GINN

**FILED**

SEP 21 2020

DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

DEPUTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES FOR POLICE MISCONDUCT AND EXCESSIVE FORCE

NOW COMES Petitioner, AARON BOWMAN, a person of the full age of majority. Petitioner is domiciled in the State of Louisiana, Parish of Ouachita, and asserts the following claims for relief:

1.

Made Defendants herein are the following:

A. **OUACHITA PARISH SHERIFF'S OFFICE,** a governmental entity and department of Ouachita Parish, Parish of Ouachita and not an arm or instrumentality of the State of Louisiana.

B. **SHERIFF JAY RUSSELL,** in his official capacity, a person of full age and majority who at all times was and is Sheriff of the Ouachita Parish Sheriff's Office in Ouachita Parish, Louisiana.

C. **METRO NARCOTICS UNIT,** a governmental entity and department of Ouachita Parish, Parish of Ouachita and not an arm or instrumentality of the State of Louisiana.

D. **MONROE POLICE DEPARTMENT,** a governmental entity and department of the city of Monroe, Parish of Ouachita and not an arm or instrumentality of the State of Louisiana.

E. **LOUISIANA STATE POLICE DEPARTMENT,** a governmental entity and department of Ouachita Parish, Parish of Ouachita and not an arm or instrumentality of the State of Louisiana.

- F. **UNIVERSITY OF LOUISIANA AT MONROE POLICE DEPARTMENT**, a governmental entity and department of the city of Monroe, Parish of Ouachita and not an arm or instrumentality of the State of Louisiana.

- G. **CITY OF MONROE, PARISH OF OUACHITA**, a local governmental entity and body politic created by statute, being a municipality and political subdivision of the State of Louisiana but not an agency, or department, or arm of the State of Louisiana.

- H. **DEPUTY DONOVAN GINN**, also made Defendant herein individually and in his official capacity as an Officer in the Ouachita Parish Sheriff's Department, a person of full age and majority, domiciled in the Parish of Ouachita.

2.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. section 1331 and 1367, inasmuch as this matter arises under 42 U.S.C. section 1983, *et seq.*

3.

Venue is proper in this Honorable Court in part because the actions giving rise to this suit occurred in Ouachita Parish, and all of the parties involved are domiciled in Ouachita Parish.

4.

All officers or deputies involved are believed to be members of Ouachita Parish Sheriff's Department's Special Crimes Apprehension Team (hereinafter referred to as "SCAT TEAM"), which is believed to be comprised of approximately 10 specially trained deputies.

5.

The SCAT team conducts high intensity patrol in problem areas-targeting drug dealers, gang activity and other felony crimes in progress. SCAT targets any recurring crimes which require specialized surveillance or covert operations in any area in the parish as well as assists other agencies including the Monroe Police Department, West Monroe Police Department, Louisiana State Police, Richwood Police Department, Sterlington Police Department, University of Louisiana at Monroe (ULM) Police Department, and the Metro Narcotics Unit.

6.

On or about May 30, 2019, Petitioner noticed a white truck, which appeared to be the police, behind him while on his way home to 1500 South 3rd Street, Monroe La.

7.

Petitioner proceeded home as he lived a few streets over from his original destination. Once he made it home, the deputies/officers pulled into his driveway behind him.

8.

Deputy Donovan Ginn and other officers proceeded to ask Petitioner questions, Petitioner kept his hands in plain view where all officers could view them, as he is familiar with the process.

9.

One of the officers opened his car door and begin questioning him as to whether he had anything on him. Petitioner alleges that the officers were referring to drugs or weapons, and Petitioner responded that he had none.

10.

Petitioner asserts that the officers began to pull him out of his vehicle, while other officers begin to arrive on the scene.

11.

Petitioner asserts that he was dragged to the ground, face down and officers began to hit and kick him.

12.

Petitioner asserts that at no time did he resist any of the officers, and the officers continued to beat him for a period of time.

13.

Petitioner sustained multiple lacerations; including, a cut to the top of his head, a fractured arm, and broken ribs amongst other ailments. Petitioner does not recall an exact number of deputies/officers involved in the beating.

14.

Petitioner is a dialysis patient, and the beating was extremely detrimental to his health.

15.

Petitioner believes that the deputies/officers involved were wearing body cameras at the time of the incident and has requested through a public record's request to receive the footage. Petitioner is not certain as to whether said footage has been destroyed.

16.

Petitioner asserts that the published police report is fabricated, and aspects of Deputy Ginn's narrative is untrue. (Exhibit A) Petitioner asserts that he was not the aggressor but was actually beaten terribly by Deputy Ginn and other officers.

17.

Petitioners girlfriend at the time, Teresa Criff, and her daughter, Te'Asia Martin were present during the incident whereby it was learned that the incident was recorded.

18.

Teresa Criff, as a witness, asserts that Petitioner was not resisting at any time to the officers but was attacked by the officers instead.

19.

The video footage was captured by Petitioner's home security camera. (Exhibit B). The video footage captures an officer swinging downwards, punching Petitioner repeatedly. The deputies/officers who attacked Petitioner inflicted a severe laceration to his head, which required several stitches, fractured ribs and a fractured right arm.

20.

Deputy Ginn stated in the police report that Teresa Criff as owner of the vehicle gave consent to search the vehicle and nothing illegal was found. Petitioner informed the officers of this fact when he was first questioned; however, the officers proceeded to pull him out of the vehicle and beat him senselessly anyway. The officer was heard telling the witnesses to go back in the house.

21.

The EMS Ambulance was contacted and arrived on the scene, and Petitioner was transported to St. Francis Medical Center where he was treated. Petitioner later followed up with Glenwood Regional Medical Center sometime after.

22.

Petitioner was never arrested on the scene for any criminal activity. Oddly enough, Deputy Ginn obtained an arrest warrant for Petitioner approximately 3-4 days later and bond was set at $4,650.

23.

Petitioner alleges that the actions by the Officers were unreasonable, unnecessary, violated police protocol and procedure, excessive force, negligent, an exercise of bad judgment, and violated Petitioner's 4th and 14th Amendments of the United States Constitution and certain Louisiana Constitutional rights.

## 42 USC SECTION 1983, the 4th and 14th AMENDMENTS

24.

Petitioner asserts that all Defendants are persons for purposes of 42 U.S.C. Section 1983.

Petitioners assert that all Defendants are liable pursuant to 42 U.S.C. Section 1983 which provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

25.

Petitioner herein seeks vindication of certain rights conferred upon him under the 4th and 14th Amendments to the United States Constitution including the rights to be free from unreasonable seizure and excessive force and that the Defendants did violate on May 30, 2019 these rights owed to Petitioner, Mr. Aaron Bowman.

26.

Petitioner brings these 42 U.S.C. Section 1983 actions against Officer Donovan Ginn and other officers in their individual capacities.

27.

Petitioner also brings these claims against the Ouachita Parish Sheriff's Department, Sheriff Jay Russell, Monroe Police Department, City of Monroe, Louisiana State Police, ULM Police Department, Metro Narcotics Unit, for the following:

1. Improper screening of Deputy Donovan Ginn and other officers who participated in the beating;
2. Hiring of Deputy Ginn and other negligent officers;
3. Failing to properly train and supervise them regarding the constitutional limitations of the use of excessive force;
4. Failure to promulgate and operationalize a constitutional use of excessive force policy, and

5. Other claims described herein including the deliberate indifference to the protection of Petitioner's constitutional rights.

28.

Petitioner also brings these actions under the 4th and 14th Amendments to the United States Constitution for deprivation of his constitutionally protected rights. These rights include due process and equal protection of the laws under the 14th Amendment as well as the rights guaranteed under the 4th Amendment such as the right to be free from unreasonable searches, seizures, and excessive force. The Defendants violated these rights owed to Petitioner on May 30, 2019.

29.

The 14th Amendment of the United States Constitution provides in pertinent part, "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by both or affirmation, and particularly described in the place to be searched, and the person or thing to be seized."

30.

Petitioner alleges the Defendants were acting in the course and scope of their employment when they committed acts under the color of law and deprived Petitioner of his rights secured by the 14th Amendment of the United States Constitution.

31.

The Defendants, while acting in their official capacities as police officers, deprived Petitioner of liberty without due process of law, made an unreasonable seizure of his person and thereby depriving Petitioner of his rights and privileges as guaranteed by the 4th and 14th Amendments of the United States Constitution.

32.

By using excessive force described in this petition when it was not objectively reasonable to do so, the Officers deprived Petitioner of his constitutionally protected right of life and liberty without due process of law.

33.

The conduct, including actions and omissions of the Defendants while in the course and scope of their employment was excessive and unreasonable to say the least and was done

intentionally, willfully, maliciously, and with deliberate indifference and reckless disregard for the natural probable consequences of their acts.

34.

The actions of the Defendants were done without justification and without basis in policy or reasonable standards. Their actions were intentionally calculated and did cause serious physical and emotional pain and suffering to Petitioner in violation and deprivation of his constitutional rights protected under 42 U.S.C 1983 as well as the 4th and 14th Amendments to the United States Constitution, including the right to be free of unreasonable seizures and use of unreasonable and unjustified, excessive force.

35.

As the above and foregoing allegations demonstrate, Defendants are liable unto Petitioner under the doctrine of *respondeat superior* for Defendant Ginn and other officers for (a) assault, (b) battery (excessive force), (c) negligent and intentional infliction of emotional distress, (d) cruel treatment, (e) false arrest/imprisonment, (f) malicious prosecution, (g) violation of the Constitution and other laws of the United States and of the State of Louisiana, (h) deliberate indifference to the rights, safety, and dignity of Petitioners, and for all other acts and omissions as will be shown at trial.

## TORT CAUSES OF ACTIONS

36.

Petitioner asserts that the Defendants are liable pursuant to Louisiana Code of Civil Procedure Articles 2315, 2316, 2317, and 2320.

37.

Petitioner asserts that the Defendants are liable pursuant to Louisiana Code of Civil Procedure 2315, which requires that every act whatever man that causes damage to another obliges him by whose fault it is to repair it.

38.

The Defendants, Deputy Ginn and other officers did in fact assert excessive force by beating Petitioner, in which they inflicted great bodily harm when Petitioner posed no imminent threat of danger or great bodily harm to any of the officers.

39.

The Defendants could have de-escalated the situation in order to gain control of the setting;

including but not limited to, verbal judo, reporting the incident to a supervisor, and all other acceptable police tactics short of unreasonable and excessive force, which will more fully be shown at trial.

40.

Petitioner avers that Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2317, which provides that individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

41.

Petitioner avers that Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2320, which provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed.

42.

Defendant Officers were acting under the direction and control of Defendants Ouachita Parish Sheriff's Office, Monroe City Police Dept., Louisiana State Police Dept, ULM Police Dept., Sheriff Jay Russell, City of Monroe, and Metro Narcotics Unit at the time of the incident. Acting under color of law and pursuant to official policy and custom, Defendants through its Police Departments were negligent in hiring, training, and retention of Defendants.

43.

Defendants through its Police Departments knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control Defendant Officers from depriving Petitioner of his constitutional and statutory rights, privileges and immunities under Federal and the laws and Constitution of the State of Louisiana.

44.

Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant, Officers.

45.

As a direct and proximate cause of the acts or failure to act as set forth in above, Petitioner suffered physical injury and severe mental anguish in violation of their violation of their constitutional and statutory rights guaranteed under the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. section 1983.

46.

Defendants breached their duty owed to Petitioner in this matter because of their unnecessary, negligent, and use of excessive force, which in fact caused the substantial injuries of Petitioner.

47.

Petitioner believes that the Defendants are liable pursuant to Article Section 2 of the Louisiana State Constitution, which provides that no person shall be deprived of life, liberty, or property except by due process of law.

48.

Petitioner believes that Defendants are liable pursuant to Louisiana Revised Statute 42:1441.3 which provides that municipalities are responsible for the actions, offenses, and torts of their officials and deputy officials.

49.

Petitioner asserts that the Defendants are liable for the injuries and damages that Petitioner sustained due to the acts and/or omissions of negligence and/or fault that are included, but not limited to the following:

        a) the excessive use of force against Mr. Aaron Bowman;

        b) failure to employ alternative modes of de-escalating the situation;

        c) failure to act reasonably as a prudent police officer;

        d) violation of applicable law enforcement standards;

        e) failure to ensure the safety of other citizens in the area; and

        f) the acts and/or omissions which may be fully shown at trial.

50.

Plaintiff itemizes his damages as follows:

        1. Damages for assault and battery (excessive force)

2. Damages for negligent and intentional infliction of mental and emotional distress due to outrageous conduct
3. Damages for filing false cover charges
4. Past mental anguish
5. Future mental anguish
6. Past and present suffering
7. Past Loss of Enjoyment of Life
8. Future Loss of Enjoyment of Life
9. Past medical expenses
10. Future medical expenses
11. Punitive damages under Section 1983 for torture and injury done with malice
12. Attorney's fees and court costs
13. Petitioner prays for such damages as reasonable in the premises and all equitable relief.

Petitioner demands judgment against Defendants, **OUACHITA PARISH SHERIFF'S OFFICE, SHERIFF JAY RUSSELL, METRO NARCOTICS UNIT, MONROE POLICE DEPARTMENT, LOUISIANA STATE POLICE DEPARTMENT, UNIVERSITY OF LOUISIANA AT MONROE POLICE DEPARTMENT, THE CITY OF MONROE, PARISH OF OUACHITA, AND DONOVAN GINN,** jointly and severally for compensatory damages and further demands judgment against Defendants, jointly and severally for punitive damages, plus the costs of this action, attorney fees and such other relief, as the Court deems just and equitable.

Petitioner prays that this Honorable Court honor his request to file this instant Suit on this date, due to The Supreme Court of Louisiana's and the emergency declared statewide declaration by Louisiana Governor John Bel Edwards' Order whereby an emergency suspension of prescription and preemption applies. (Exhibit C) Further, Petitioner prays that this Honorable Court accept this instant Suit filing based on Act VI. Section 5828 and CC Article 3472.1 to extend on behalf of the extension of prescription and preemption during 2020 Covid-19 Public Health Emergency.

**WHEREFORE**, Petitioner, **AARON BOWMAN**, individually prays that this Petition be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Petitioner and against Defendants for the foregoing general and special damages, punitive damages, attorney's fees, costs, interest, and other recoverable damages and appropriate relief.

Respectfully submitted,

**Donecia Banks-Miley**
Pleasant, Williams & Banks-Miley Law Group, LLC
901 N. 3rd STREET
MONROE, LOUISIANA 71201
PHONE: 318-605-4607
FACSIMILE: 318-605-4617

BY: _____
DONECIA BANKS-MILEY, #35641
ATTORNEY FOR PETITIONER

**Please serve with copy of Petition:**

**DEPUTY DONOVAN GINN**
400 St. John Street
Monroe, LA 71201

**OUACHITA PARISH SHERIFF'S OFFICE**
400 St. John Street
Monroe, LA 71201

**SHERIFF JAY RUSSELL**
400 St. John Street
Monroe, LA 71201

**UNIVERSITY OF LOUISIANA MONROE POLICE DEPARTMENT**
(Filhiol Hall)
3811 DeSiard Avenue
Monroe, LA 71209

**METRO NARCOTICS UNIT**
500 Natchitoches Street
West Monroe, LA 71291

**LOUISIANA STATE POLICE DEPARTMENT**
1240 LA-594
Monroe, LA 71203

CERTIFIED TRUE COPY
SEP 2 4 2020
BY: _____
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA.

**MONROE POLICE DEPARTMENT**
700 Wood Street
Monroe, LA 71201

**CITY OF MONROE**
**Through City Attorney Angie Sturdivant**
400 Lea Joyner Espy Monroe, LA 71201

**Please mail a copy to:**
**Donecia Banks-Miley, ESQ.**
Pleasant, Williams, & Banks-Miley Law
901 N. 3rd Street
Monroe, LA 71201