UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**AARON LARRY BOWMAN**                    **CIVIL ACTION NO. 20-CV-01372**

**VERSUS**                                **JUDGE DOUGHTY**

**OUACHITA PARISH SHERIFF'S**             **MAGISTRATE JUDGE HAYES**
**OFFICE, ET AL**

_____

### ANSWER AND AFFIRMATIVE DEFENSES OF BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM

NOW INTO COURT, through undersigned counsel, comes defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM (the "Board) (incorrectly identified, named and referred to as the "University of Louisiana at Monroe Police Department" in plaintiff's lawsuit), which for response to plaintiff's "Petition for Damages for Police Misconduct and Excessive Force" states that:

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff fails to state any claim against the Board upon which relief can be granted.

#### Second Defense

The Board did not violate any constitutional right(s) of plaintiff, and all actions complained were objectively reasonable in light of clearly established law; the actions referenced in plaintiff's Petition were made in good faith for good cause and without malice; further, any and all actions complained of were essential and necessary to the operation of the Board's business and for protection of the public.

### Third Defense

The Board is entitled to absolute and/or qualified immunity and/or limitations of damages and/or liability pursuant to the Constitution and/or laws of the State of Louisiana, including but not limited to La. R.S. 9:2798.1 (Policymaking or discretionary acts or omissions of public entities or their officers or employees), La. R.S. 13:5106 (Limitations on liability), and La. R.S. 13:5112 (Suits against the State or political subdivision; court costs; interest).

### Fourth Defense

The Board further affirmatively pleads it is entitled to all protections and limitations available to departments, boards, commissions, agencies and/or political subdivisions of the State of Louisiana, including but not limited to those named in La. R.S. 13:5101, *et seq*.

### Fifth Defense

The Board avers plaintiff's suit is frivolous under 42 U.S.C. §1983, thus entitling the Board to its attorney fees, costs and expenses in defense of plaintiff's claims, as per 42 U.S.C. § 1988.

### Sixth Defense

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey,* 512 U.S. 477 (1994), holding that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm allegedly caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting claims under 42 U.S. C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a State tribunal authorized to make such determination, or called into question by a federal court's issuance of a Writ of Habeas Corpus, 28 U.S.C § 2254.

**Seventh Defense**

The Board avers there was <u>reasonable suspicion</u> for officers to approach and engage plaintiff; and that there was <u>probable cause</u> to subsequently arrest plaintiff for the offenses with which he was charged.

**Eighth Defense**

The Board affirmatively pleads the applicability of comparative fault principles as stated in <u>La. C.C. art. 2323(A) and (B)</u>, as well as the law of joint and divisible liability as stated in <u>La. C.C. art. 2324</u>, so as to completely bar or limit liability against the Board**.**

**Ninth Defense**

The Board affirmatively alleges it is entitled to contribution and/or indemnity from others for any damage amounts the Board may be ordered to pay (the liability for which damage amounts is amounts is denied).

**Tenth Defense**

Plaintiff is not entitled to an award of punitive damages against the Board. Further, plaintiff's claim for punitive damage violates the Fifth and Fourteenth Amendments to the United States Constitution and/or otherwise is not allowed by the Eleventh Amendment of the United States Constitution; therefore, plaintiff's claim for punitive damages is barred.

**Eleventh  Defense**

The Board affirmatively avers it is an "arm" of the State of Louisiana, and plaintiff's claims against it are barred by the Eleventh Amendment to the United States Constitution. *See Delahoussaye v. City of New Iberia,* 937 F.2d, 144, 148 (5th Cir. 1991) (finding the University of Louisiana Lafayette to be an "arm" of the State, and immune from suit under the Eleventh

Amendment); *see also Alain v. Board of Supervisors of University of Louisiana System,* No. 13-2754, 2015 WL 6554440, *2 (W.D. La. Oct. 29, 2015) (finding Eleventh Amendment immunity for claims against University of Louisiana at Monroe).

**Twelfth Defense**

Plaintiff's claims are barred by prescription.

**Thirteenth Defense**

Plaintiff's claims are not saved from prescription as per the Louisiana Supreme Court and Governor John Bel Edwards' emergency declarations referenced in plaintiff's Petition. Plaintiff's relied-upon authority is not applicable to prevent the running of prescription as to plaintiff's untimely lawsuit (which had to be filed no later than May 30, 2020). *See, inter alia,* La. R.S. 9:5828; La. R.S. 9:5829(A); La. R.S. 9:5830; and the June 25, 2020 effective date of La. C.C. art. 3472.1 (which Article could not have been used by the Louisiana Supreme Court to suspend COVID-related deadlines, and it did not). Further, the State of Emergency declared on August 21, 2020 in relation to Hurricane Laura did not apply to the already-prescribed claims of plaintiff.

**Fourteenth Defense**

Supervisory officials are not liable under 42 U.S.C. § 1983 for actions of subordinate employees; the Board therefore cannot be vicariously liable for any alleged constitutional deprivation(s) purportedly committed by its employees. *See Thompkins v. Belt,* 828 F.2d 298, 303-304 (5th Cir. 1987) and cases cited therein; *see also, Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992).

**Fifteenth Defense**

Plaintiff's alleged injuries and damages, if any, were caused by his own negligence and/or

fault and/or actions and/or the actions of others for whom the Board is not legally responsible and/or liable.

### Sixteenth Defense

The Board avers the sole and proximate cause of the incident at issue <u>and any damages or injuries resulting therefrom</u> were the actions of plaintiff, as evidenced by his failure to submit to a lawful arrest as required by <u>La. C.Cr.P. art. 220</u>, in refusing to follow the verbal commands of officers and in resisting a lawful arrest.

### Seventeenth Defense

In the alternative, to the extent plaintiff shows he has sustained any damages, plaintiff has failed to mitigate such alleged damages.

### Eighteenth Defense

In the alternative, to the extent plaintiff shows he has sustained any damages, plaintiff has no right to recover any amounts written off or contractually adjusted by any health care provider because of that provider's receipt of Medicare and/or Medicaid payment for plaintiff's medical treatment.

### Nineteenth Defense

In the alternative, to the extent plaintiff shows he has sustained any damages, plaintiff has no right to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by him and by operation of law to Medicare and Medicaid.

### Twentieth Defense

Plaintiff cannot offer evidence of purported events referenced, but for which no facts are alleged; accordingly plaintiff is not entitled to present evidence as to matters relating to "all other

acceptable police tactics short of unreasonable and excessive force, *which will be more fully shown at trial*," as alleged in Paragraph 39 of plaintiff's Petition, or "acts and/or omissions of negligence and/or fault *that are included, but not limited to*" the purported acts alleged in Paragraph 49 of plaintiff's Petition. (Emphasis added in quoted material).

**AND NOW, for Answer to the specific allegations of plaintiff's Petition, the Board states as follows:**

1.

For response to Paragraph 1, the Board denies the allegations of Paragraph 1F; the remaining allegations of Paragraph 1 are denied for lack of information sufficient to justify a belief therein.

2.

The allegations of Paragraph 2 constitute conclusions of law, for which a response is not required; however, to the extent a response may be necessary, the Board admits this Court has jurisdiction over the claims asserted in plaintiff's Petition.

3.

The allegations of Paragraph 3 constitute conclusions of law, for which a response is not required; however, to the extent a response may be necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

4.

The allegations of Paragraph 4 are denied insofar as they purport to pertain to the Board; any remaining allegations of Paragraph 4 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of Paragraphs 5, 6, 7, 8, 9 and 10 are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of Paragraphs 11 and 12 are denied as they purport to relate to the Board.

7.

The allegations of Paragraphs 13, 14, and 15 are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of the first sentence of Paragraph 16 are denied for lack of information sufficient to justify a belief therein. The allegations of the second sentence of Paragraph 16 are denied as they purport to relate to the Board.

9.

The allegations of Paragraphs 17, 18, 19, 20, 21 and 22 are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of Paragraphs 23, 24 and 25 are denied as they purport to relate to the Board.

11.

The allegations of Paragraph 26 do not appear to relate to the Board; however, to the extent the allegations may be applicable, the allegations are denied.

12.

The allegations of Paragraph 27 (including subparagraphs 1-5) are denied as they purport to

relate to the Board.

13.

The allegations of Paragraph 28 are denied as they purport to relate to the Board.

14.

The allegations of Paragraph 29 purport to quote the Fourteenth Amendment of the United States Constitution, and do not require a response; however, to the extent a response may be necessary, the allegations are denied. Further responding, plaintiff quotes the Fourth Amendment to the United States Constitution, not the Fourteenth Amendment.

15.

The allegations of Paragraphs 30, 31, 32, 33, 34, and 35 constitute conclusions of law and/or fact for which a response is not required; however, to the extent a response may be necessary, the allegations are denied as they purport to relate to the Board.

16.

The allegations of Paragraphs 36 and 37 constitute conclusions of law and/or fact, for which a response is not required; however to the extent a response may be necessary, the allegations are denied. Further responding, defendant herein denies the Louisiana Code of Civil Procedure is applicable to plaintiff's claims.

17.

The allegations of Paragraphs 38 and 39 are denied.

18.

The allegations of Paragraphs 40 and 41 constitute conclusions of law and/or fact, for which a response is not required; however, to the extent a response may be necessary, the allegations are

denied. Further answering, defendant herein denied the Louisiana Code of Civil Procedure is applicable to plaintiff's claims.

19.

The allegations of Paragraphs 42, 43, 44, 45 and 46 are denied.

20.

The allegations of Paragraphs 47 and 48 constitute conclusions of law and/or fact, for which a response is not required; however, to the extent a response may be necessary, the allegations are denied.

21.

The allegations of Paragraph 49 (including subparagraphs (a) through (f)) are denied.

22.

The allegations of Paragraph 50 (including subparagraphs 1-13) are denied.

23.

The allegations of plaintiff's unnumbered Paragraph immediately below Paragraph 50, referencing all defendants and asserted claims, are denied.

24.

The allegations of plaintiff's unnumbered Paragraph referencing "the extension of prescription and preemption during 2020 Covid-19 Public Health Emergency" are denied.

25.

The allegations of plaintiff's unnumbered "WHEREFORE" paragraph are denied.

WHEREFORE, defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, prays that its Answer and Affirmative Defenses be deemed good and

sufficient; that plaintiff's claims be dismissed with prejudice at plaintiff's costs; and that defendant herein be granted <u>attorney fees, costs and expenses</u> for the defense of plaintiff's claims.

    Respectfully submitted,

    JEFF LANDRY
    Attorney General

    By: */s/ Steven M. Oxenhandler*
        Steven M. Oxenhandler (#28405)
        soxenhandler@goldweems.com
        Michael J. O'Shee (#10268)
        moshee@goldweems.com
        Joshua J. Dara, Jr. (#35739)
        jdara@goldweems.com
        GOLD WEEMS LAW FIRM
        2001 MacArthur Drive
        P.O. Box 6118
        Alexandria, LA 71307-6118
        T: (318) 445-6471
        F: (318) 445-6476
        **SPECIAL ASSISTANT ATTORNEYS GENERAL AND COUNSEL FOR THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM**