**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **AARON LARRY BOWMAN** | **CIVIL ACTION NO. 20-CV-01372** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **OUACHITA PARISH SHERIFF'S OFFICE, ET AL** | **MAGISTRATE JUDGE HAYES** |

_____

**MEMORANDUM IN SUPPORT OF SECOND MOTION TO**
**DISMISS PURSUANT TO RULE 12(b) OF THE FRCP**

Defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA

SYSTEM ("the Board"), submits this memorandum in support of its second Rule 12(b) Motion to

Dismiss. For the reasons set forth below, the motion should be granted.

**1.      Fed. R. Civ. P. 12(b)(4) and (5) - Insufficient Process and/or Service**

Presently pending in this matter is defendant's first "Motion to Dismiss Pursuant to Rule

12(b) of the FRCP" (Doc. 7), the Exhibits to which are incorporated herein by reference. In that

Motion's Memorandum in Support, the Board , citing Exhibits 1 and 2, pointed out plaintiff's

improper naming of defendant herein as "University of Louisiana at Monroe Police Department,"

and plaintiff's failure to properly serve the Board, inasmuch as plaintiff requested service as follows:

University of Monroe Police Department
3811 Desiard Avenue
Monroe, LA 71209

Pursuant to Fed. R. Civ. P. 4(j)(2), plaintiff is required to effect service on the Board by

delivering a copy of the  petition and citation to the Board's chief executive officer or through

service in accordance with State law. The Board's Secretary does not have an office or otherwise

reside at the University of Louisiana at Monroe ("ULM"). Moreover, in order to perfect service on

the Board,   plaintiff was also required to serve the petition and citation on the State of Louisiana's

Office of Risk  Management and Attorney General, which never occurred. *See* La. R.S. 39:1538(D).

As a result, because plaintiff did not request service on the Secretary of the Board, the Louisiana

Attorney General, and the Office of Risk Management, service was not effected in accordance with

Fed. R. Civ. P. 4(j)(2)(B). The record of this case shows plaintiff has never properly served the

Board with his initial petition.

Likewise, plaintiff improperly served his  First Amendment to the Complaint ("Amended

Complaint") (Doc. 19) on the Board's litigation counsel via the Court's CM/ECF system (*see* Doc.

19, p. 7, "Certificate of Service"); plaintiff did not serve his original or his Amended Complaint on

the Board as required by Fed. R. Civ. P. 4(j)(2)(B). Plaintiff also failed to serve his Amended

Complaint on Louisiana's Office of Risk Management and the Office of the Attorney General for

the State of Louisiana, as required by La. R.S. 39:1583(D). In *Carimi v. Royal Carribean Cruise*

*Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992), the Fifth Circuit said, "once the validity of service

of process has been contested, the plaintiff bears the burden of establishing its validity." That burden

cannot be  met in this case.

Proper citation is essential in the pursuit of a civil action, and simple knowledge of the legal

proceeding and/or receipt of the petition fails to satisfy the requirement of citation and service under

Louisiana law.  *Naquin v. Titan Indemnity Co.,* 200-185 (La. 2/2/01), 779 So.2d 704, 710. As noted

above, plaintiff's original petition was not served properly, and attempted service of the Amended

Complaint via an improper means does not cure to original deficiency. Plaintiff's suit should

therefore be dismissed for failure to properly serve the Board. *See, e.g., Jones v. Becnel,* No. 15-713,

2015 WL 4677543, *4 (E.D. La. Aug. 6, 2015), where service was attempted via certified mail, with the Court stating, "[n]either the Federal Rules of Civil Procedure, nor Louisiana law, provide for service of process on individuals within the State of Louisiana by certified mail. ... Because ... Larry Becnel ... and Aucoin were not properly served ... Larry Becnel's and Aucoin's motions to dismiss for improper service are GRANTED." Dismissal would likewise be proper here.

**2.      Fed. R. Civ. P. 12(b)(1) - Lack of Personal Jurisdiction**

Because plaintiff failed to properly serve the Board, this Court lacks personal jurisdiction over defendant herein. *See Leger v. Redding,* No. 05-1043, 2005 WL 2458028, *2 (W.D. L. Oct. 3, 2005) (finding if no valid service of process is executed, the proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he or she was properly served). Accordingly, plaintiff's suit should be dismissed.

**3.      11th Amendment Immunity**

The Eleventh Amendment to the United States Constitution bars an action for monetary damages by a private individual in federal court against a sovereign State and its agencies and officials, unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State. *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F. Supp.2d 780, 783 (M.D. La. 2014). Further, Eleventh Amendment Immunity bars not only a State's own citizens from filing suit against an unconsenting State but also bars citizens of other States, as well. *Id*. at 783. Moreover, the reach and orbit of the Eleventh Amendment extends to actions against State agencies or entities classified as "arms of the State." *Id*. However, even if it is determined a State has waived its  immunity from suit in federal court, "that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for

by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts." *Meyers ex rel. Benzing v. Texas,* 454 F.3d 503, 504 (5th Cir. 2006), *affirmed on rehearing,* 410 F.3d 236.

Here, the Board is a corporate body created to supervise and manage member institutions, and it has the right to sue and be sued relative to its member institutions.  See La. Const. Art. VIII, Section 7 and La. Rev. Stat. 17:3351.  As such, the Fifth Circuit has recognized and directly held, the Board - as an arm of the State of Louisiana - is entitled to Eleventh Amendment Immunity. *Johnson-Blount*, 994 F. Supp. 2d at 783.  Plaintiff has asserted claims against the Board under 42 U.S.C. § 1983. (*See* Ex. 1, Petition, ¶¶ 24-35, under the heading: 42 USC SECTION 1983, the 4th and 14th AMENDMENTS; *see also*, Doc. 19, Amended Complaint, ¶ 1, adopting and reaverring Paragraphs 1-50 of original complaint). As summarized in *Williams v. Louisiana,* No. 17-453, 2019 WL 1003645 (M.D. La. Feb. 28, 2019:

> "The Supreme Court has 'held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.' " *Med. RX/Sys., P.L.L.C. v. Texas Dep't of State Health Servs.,*  633 F.App'x 607, 610 (5th Cir. 2016) (citing *Lapides* 535 U.S. at 617, 122 S.Ct. 1640). "*This rule extends to 'arms of the state*,' and to a state's 'officials acting in their official capacities.' " *Id. ...*

(*Id.,* at *4, emphasis added). Accordingly, plaintiff's claims against the Board  under 42 U.S.C. § 1983 should be dismissed.

### 4.    Fed. R. Civ. P. 12(b)(6) - Prescription

Prescription in actions arising ex delicto commences on the day actual and appreciable damage is sustained. La. C.C. art. 3492. In this matter, plaintiff alleged his injury-causing event occurred on May 30, 2019; however, plaintiff did not file his lawsuit until September 21, 2020. (*See* Ex. 1). Plaintiff's claims against the Board are therefore prescribed, and should be dismissed.

WHEREFORE, defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF

-5-

LOUISIANA SYSTEM asks this Court to grant its Rule 12(b) motion, and render judgment in its

favor and against plaintiff, dismissing plaintiff's demands with prejudice, and at plaintiff's cost.

Respectfully submitted,

JEFF LANDRY
Attorney General

By: */s/ Steven M. Oxenhandler*
        Steven M. Oxenhandler (#28405)
        soxenhandler@goldweems.com
        Michael J. O'Shee (#10268)
        moshee@goldweems.com
        Joshua J. Dara, Jr. (#35739)
        jdara@goldweems.com
        GOLD WEEMS LAW FIRM
        2001 MacArthur Drive
        P.O. Box 6118
        Alexandria, LA 71307-6118
        T: (318) 445-6471
        F: (318) 445-6476
        **SPECIAL ASSISTANT ATTORNEYS**
        **GENERAL AND COUNSEL FOR THE**
        **BOARD OF SUPERVISORS FOR THE**
        **UNIVERSITY OF LOUISIANA SYSTEM**