**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **AARON LARRY BOWMAN** | **CIVIL ACTION NO. 20-CV-01372** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **OUACHITA PARISH SHERIFF'S OFFICE, ET AL** | **MAGISTRATE JUDGE HAYES** |

**ANSWER AND AFFIRMATIVE DEFENSES OF BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM (incorrectly identified, named and referred to in plaintiff's First Amended Complaint as the "University of Louisiana System Board of Supervisors") (the "Board"), which for response to plaintiff's First Amended Complaint (Doc. 19) states that:

**AFFIRMATIVE DEFENSES**

The Board reiterates and incorporated herein by reference the entirety of its **Twenty Affirmative Defenses** as stated in the Board's previous Answer and Affirmative Defenses. (*See* Doc. 10, Answer and Affirmative Defenses, pp. 1-6, First Defense through Twentieth Defense).

**Twenty First Defense**

Any and all officers employed by the Board are entitled to qualified immunity. The referenced officer or officers at all times acted as allowed by law and within the performance of their discretionary functions; with regard to any actions taken in relation to plaintiff (if any), any and

-1-

all officers did not violate any clearly established statutory or constitutional right of plaintiff; further, any officer or officers employed by the Board had probable cause for any actions taken in relation to plaintiff.

**AND NOW, for Answer to the specific allegations of plaintiff's First Amended Complaint, the Board states as follows:**

1.

For response to Paragraph 1, the Board reiterates and incorporates herein by reference each and every Affirmative Defense and Answer to each and every Paragraph (including the Unnumbered Paragraph regarding Covid-19, and "WHEREFORE" allegations) in plaintiff's Original Petition. (*See* Doc. 10, Answer and Affirmative Defenses, pp. 1-10, Affirmative Defenses and Answers to Paragraphs 1-50, unnumbered Covid-10 Paragraph, and "WHEREFORE" allegations, incorporated herein by reference).

2.

For response to Paragraph 2, the Board reiterates and incorporates herein by reference its above Answer to Paragraph 1 of the First Amended Complaint, incorporating herein by reference all Affirmative Defenses and Answers of the Board to all allegations of all Paragraphs of plaintiff's Original Petition.

3.

The allegation of Paragraph 3 is admitted.

4.

The allegation of Paragraph 4 is admitted.

5.

The allegations of Paragraphs 5 and 6 constitute conclusions of law, for which a response is not required.

6.

For response to the allegations of Paragraph 7, the Board admits plaintiff is a black male; the remainder of Paragraph 7 is denied for lack of information sufficient to justify a belief therein.

7.

The allegations of Paragraph 8 do not relate to the Board, and do not require an Answer.

8.

For response to the allegations of Paragraph 9, the Board admits it was misidentified in plaintiff's Original Petition; the remaining allegations are denied as written. Further responding, the Board avers its correct name is "Board of Supervisors for the University of Louisiana System."

9.

The allegations of Paragraph 10 do not relate to the Board, and do not require an Answer.

10.

The allegations of Paragraph 11 are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, and 20 are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of Paragraph 21 are denied for lack of information sufficient to justify a belief therein.

13.

The allegations of Paragraph 20 constitute conclusions of law, for which an answer is not required; however, to the extent a response may be necessary, the allegations are denied as written.

14.

The allegations of Paragraphs 22 and 23 do not involve the Board, and do not require an Answer. However, the Board avers any dismissal of any defendant will not affect the assessment of fault under La. C.C. art. 2323 (*if* there is any assessment of fault, which "fault" is denied).

15.

For response to the allegations of Paragraph 24, the Board reiterates and incorporates herein by reference its above stated Answer to Paragraph 1 of the First Amended Complaint, incorporating herein by reference all Affirmative Defenses and Answers of the Board to all allegations of all Paragraphs of plaintiff's Original Petition.

16.

The allegations of Paragraph 25 do not purport to relate to the Board; however, to the extent the allegations can in any manner be interpreted to assert any basis of liability relating to the Board, the allegations are denied.

17.

The allegations of Paragraph 26 are denied for lack of information sufficient to justify a belief therein.

18.

The allegations of Paragraph 27 are denied.

19.

For response to the allegations of Paragraph 28, the Board denies the first sentence for lack of information sufficient to justify a belief. The remaining allegations of Paragraph 28 constitute conclusions of law which are denied.

20.

The allegations of Paragraph 29 are denied for lack of information sufficient to justify a belief therein.

21.

The allegations of Paragraph 30 are not disputed as they relate to the Board.

22.

The allegations of Paragraph 31 do not require a response.

23.

The allegations of Paragraph 32 are denied.

24.

For Answer to the Paragraph titled "Demand for Jury" the Board denies plaintiff is entitled to a jury trial as to any issues involving the Board.

WHEREFORE, defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, prays that its Answer and Affirmative Defenses to the First Amended Complaint be deemed good and sufficient; that plaintiff's claims be denied and dismissed with prejudice at plaintiff's costs; and that defendant herein be granted attorney fees, costs and expenses

for the defense of plaintiff's claims.

        Respectfully submitted,

        JEFF LANDRY
        Attorney General

        By: */s/ Steven M. Oxenhandler*
            Steven M. Oxenhandler (#28405)
            soxenhandler@goldweems.com
            Michael J. O'Shee (#10268)
            moshee@goldweems.com
            Joshua J. Dara, Jr. (#35739)
            jdara@goldweems.com
            GOLD WEEMS LAW FIRM
            2001 MacArthur Drive
            P.O. Box 6118
            Alexandria, LA 71307-6118
            T: (318) 445-6471
            F: (318) 445-6476
            **SPECIAL ASSISTANT ATTORNEYS**
            **GENERAL AND COUNSEL FOR THE**
            **BOARD OF SUPERVISORS FOR THE**
            **UNIVERSITY OF LOUISIANA SYSTEM**