UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON LARRY BOWMAN** | **NO. 3:20-01372** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **OUACHITA PARISH SHERIFF'S OFFICE, ET AL** | **MAG. JUDGE HAYES** |

### MEMORANDUM IN SUPPORT OF RULE 12 (B)(6) M0TION TO DISMISS BASED ON PRESCRIPTION

**MAY IT PLEASE THE COURT:**

Plaintiff Aaron Larry Bowman has asserted federal and state law claims against Ouachita Parish Sheriff Jay Russell, and his Deputy Sheriff, Donovan Ginn (the "Ouachita Sheriff Defendants"), herein. For the reasons that follow, these claims should be dismissed for failure to state a claim upon which relief may be granted by the Court because the federal and state law claims have prescribed and are time-barred.

The alleged incident purporting to give rise to plaintiff's claims occurred on May 30, 2019, 2015, according to plaintiff's original Petition filed in state court. *See* R. Doc. 1-2. On that date, Plaintiff was the subject of a traffic stop, which escalated into a car chase and physical confrontation involving law enforcement officers from various jurisdictions. *Id.* Plaintiff alleges that he was subjected to excessive force in the course of said incident. *Id.* Plaintiff filed the original Petition in the Louisiana Fourth Judicial District Court for Ouachita Parish on September 21, 2020. Eventually, the state court Petition was removed to this Honorable Court on October 22, 2020. *See* R. Doc. 1-1.

Plaintiff, in his original Petition filed in state court included allegations that the alleged

1

actions committed by the law enforcement officers involved in the subject stop violated his civil rights under the U.S. Constitution and Plaintiff sought to make out a claim under 42 U.S.C. 1983, seeking damages allegedly caused by these violations. Plaintiff also attempts to bring state law claims based on the same operative allegations of fact. Following removal, Plaintiff filed an Amended Complaint, including the original claims by reference and adding certain embellishments. *See* R. Doc. 19. Based on the allegations of the Petition and Amended Complaint, however, it is still clear that the claims sought to be brought by the Plaintiff are untimely and should be dismissed.

Because there is no statute of limitations period specified within Section 1983, "federal courts apply the state prescription statute governing most analogous cause of action." *Drury v. U.S. Army Corps. of Eng'rs*, 359 F.3d 366, 367 n. 1 (5th Cir.2004); *citing Braden v. Texas A&M Univ. Systems*, 636 F.2d 90 (5th Cir. 1981); *see Wallace v. Kato et al.*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal injury torts." *Wallace v. Kato*, 127 S.Ct. at 1094; *citing Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 576-582, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). As a result, the federal and state law claims are subject to the prescriptive period set forth in Article 3492 of the Louisiana Civil Code for tort actions.

In Louisiana, the prescriptive period for negligence actions is one (1) year. *See* La. C.C. art. 3492. As a result, the prescriptive period that is applicable to Plaintiff's Section 1983 claims would be Louisiana's one-year prescriptive period for delictual actions. *See Johnson v. Lamartiniere et al.*, 387 Fed. Appx. 470, 472 (5th Cir.2010); *citing Elzy v. Roberson*, 868 F.2d 793, 794–95 (5th

Cir.1989); *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). This one-year prescriptive period has been held specifically to apply to claims that law enforcement officers used excessive force in dealing with a citizen. *See Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016); *see also Brown v. Caddo Par. Emergency Response Team*, No. 5:12-CV-1827, 2014 WL 458078, at *2–3 (W.D. La. Feb. 4, 2014).

The claims brought by the Plaintiff herein arise out of an incident that occurred on or about May 30, 2019. The original Petition was filed with the Clerk on September 21, 2020. It is therefore submitted that because the claims brought by the plaintiff herein occurred more than one year prior to the date of the filing of the original Petition in the state court, they have prescribed by operation of federal and state law. The federal and state claims made against Ouachita Parish Sheriff Jay Russell, and his Deputy Donovan Ginn, as a consequence, are time-barred.

It is anticipated that Plaintiff will argue in opposition that an extension of prescriptive periods included in a series of Executive Orders issued by Louisiana Governor John Bell Edwards in response to the COVID-19 Pandemic Public Health Emergency, which were ratified by the Louisiana Legislature (*See* La. R.S. 9:5828-5829), act to allow his Petition to have been filed four months after prescription would otherwise had run. *See* R. Doc. 1-2, at pp.21-43. This is not the case. By Act 162 of the 2020 Louisiana Legislature, the COVID-19 extension of prescription expired on July 5, 2020, and any action that otherwise would have prescribed from March 17, 2020 through July 5, 2020 had to be filed on or before June 6, 2020. *See* La. R.S. 9:5829(A). A copy of this statute is attached as exhibit A for the Court's convenience. Plaintiff did not file his Petition until September 21, some three months after the COVID suspension had expired by the terms of Act 162.

Plaintiff also included as an exhibit to his Petition a copy of a Louisiana Supreme Court

Order that suspended prescriptive periods statewide for thirty days, commencing August 21, 2020. *See* R. Doc. 1-2 at page 43. Because Plaintiff's claims prescribed, at the latest, on July 6, 2020, the Plaintiff's claims do not fall into the class of claims covered by the Supreme Court's Hurricane Karen Order. This suspension effectively came too late to save the Plaintiff's claims, for once prescription has run according to statutory constructs, concepts of an additional period of potential suspension appearing in subsequent legislation or Supreme Court order(s) would not apply. *See Chance v. American Honda Motor Co., Inc.*, 93-2582, 635 So.2d 177, 178-179 (La. 4/11/94) (absent clear "expression of legislative intent to revive prescribed claims," a change to prescriptive periods do not apply "retroactively to revive an already prescribed cause of action.").

The Rule 12(b)(6) Motion to Dismiss filed by the Ouachita Sheriff Defendants should therefore be granted, and the Complaint should be dismissed, with prejudice, at the sole cost of the plaintiff.

Respectfully Submitted,

**USRY & WEEKS, PLC**

/s Craig E. Frosch
BLAKE R. ARCURI (T.A.) (La. Bar #32322)
CRAIG E. FROSCH (La. Bar #19580)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel.: (504) 592-4600 - Fax: (504) 592-4641
**Counsel for the Ouachita Sheriff Defendants**

*H:\20-255.027 BOWMAN, AARON\research\mtd prescription mmo.wpd*