UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| AARON LARRY BOWMAN | * CIVIL ACTION |
| VERSUS | * DOCKET NO. 3:20-cv-01372 |
| OUACHITA PARISH SHERIFF'S OFFICE, ET AL. | * JUDGE TERRY A. DOUGHTY |
| | * MAGISTRATE JUDGE KAREN L. HAYES |

**PLAINTIFF'S SECOND AMENDED COMPLAINT TO VOLUNTARILY DISMISS ALL CAUSES OF ACTION AND DAMAGES UNDER 42 U.S.C. §1983**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Aaron Bowman, who respectfully amends and partially restates the claims alleged in his Amended Complaint (ECF#19) against Defendants. No new claims against any party are added from the First Amended Complaint. However, this Second Amended Complaint voluntarily dismisses all federal causes of action in his First Amended Complaint, specifically voluntarily dismissing all causes of actions and recoverable damages alleged under 42 U.S.C. §1983. Accordingly, the Second Amended Complaint below has struck and removed any allegation of liability of or damages owed by Defendants under the Federal Constitution or any federal statute. Plaintiff respectfully represents as follows:

1.

Plaintiff, Aaron Larry Bowman, is a black, male citizen of the United States of America, and a major resident and domiciliary of the Parish of Ouachita, State of Louisiana.

2.

Made Defendants herein are the following:

A. **MONROE POLICE DEPARTMENT,** a governmental entity and department of the city of Monroe, Parish of Ouachita and not an arm or instrumentality of the State of Louisiana.

B. **SHERIFF JAY RUSSELL**, in his official capacity, a person of full age and majority who at all times was and is Sheriff of the Ouachita Parish Sheriff's Office in Ouachita Parish, LA.

C. **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS (OFFICE OF STATE POLICE)** ("LDPSC"), a governmental entity and department of the State of Louisiana.

D. **UNIVERSITY OF LOUISIANA SYSTEM BOARD OF SUPERVISORS,** a governmental entity and department of the State of Louisiana.

E. **CITY OF MONROE, PARISH OF OUACHITA**, a local governmental entity and body politic created by statute, being a municipality and political subdivision of the State of Louisiana but not an agency, or department, or arm of the State of Louisiana.

F. **DEPUTY DONOVAN GINN**, also made Defendant herein individually and in his official capacity as an Officer in the Ouachita Parish Sheriff's Department, a person of full age and majority, domiciled in the Parish of Ouachita.

G. **JOHN DOE #**1, who was at all relevant times to this complaint an officer in the Louisiana Department of Public Safety & Corrections, is a person of full age and of majority, domiciled in Ouachita Parish. S/he is sued in his individual capacity.

H. **JOHN DOE #2**, who was at all relevant times to this complaint an officer in the University of Louisiana System Board of Supervisors, is a person of full age and of majority, domiciled in Ouachita Parish. S/he is sued in his individual capacity.

I. **JOHN DOE #**3, who was at all relevant times to this complaint an officer in the Metro Narcotics Unit, is a person of full age and of majority, domiciled in Ouachita Parish. S/he is sued in his individual capacity.

J. **JOHN DOE #4**, who was at all relevant times to this complaint an officer in the Ouachita Parish Sheriff's Office, is a person of full age and of majority, domiciled in Ouachita Parish. S/he is sued in his individual capacity.

K. **JOHN DOE #5**, who was at all relevant times to this complaint an officer in the Monroe Police Department, is a person of full age and of majority, domiciled in Ouachita Parish. S/he is sued in his individual capacity.

L. **ABC INSURANCE COMPANY**, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for Sheriff Jay Russell, Deputy Donovan Ginn, and John Doe #4.

M. **ABC INSURANCE COMPANY**, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for Louisiana Department of Public Safety & Corrections, its agents, and John Doe #1.

N. **ABC INSURANCE COMPANY**, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for the

University of Louisiana System Board of Supervisors , its agents, and John Doe #2.

O. **ABC INSURANCE COMPANY**, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for John Doe #3, an officer employed by Metro Narcotics Unit.

P. **ABC INSURANCE COMPANY**, an insurance company authorized to do, and doing business in the State of Louisiana providing EXCESS liability coverage to the City of Monroe, Louisiana.

3.

As Plaintiff below strikes and removes all federal causes of action under 42 U.S.C. §1983, there is no jurisdiction for this Court pursuant to 28 U.S.C. §§1331 and 1367, or any other federal law. There is no subject matter jurisdiction.

4.

Jurisdiction and venue are proper in the Fourth Judicial Circuit of the State of Louisiana, Ouachita Parish, as the actions giving rise to this suit occurred in Ouachita Parish, and all of the parties involved are domiciled in the State of Louisiana; further as all causes of action alleged and damages sought arise from Louisiana state law claims.

5.

All officers or deputies involved are believed to be members of Ouachita Parish Sheriff's Department's Special Crimes Apprehension Team (hereinafter referred to as "SCAT TEAM"), which is believed to be comprised of approximately 10 specially trained deputies.

6.

The SCAT team conducts high intensity patrol in problem areas-targeting drug dealers, gang activity and other felony crimes in progress. SCAT targets any recurring crimes which require specialized surveillance or covert operations in any area in the parish as well as assists other agencies including the Monroe Police Department, West Monroe Police Department, Louisiana State Police, Richwood Police Department, Sterlington Police Department, University of Louisiana at Monroe (ULM) Police Department, and the Metro Narcotics Unit.

7.

On or about May 30, 2019, Petitioner noticed a white truck, which appeared to be the police, behind him while on his way home to 1500 South 3rd Street, Monroe La.

8.

3

Petitioner proceeded home as he lived a few streets over from his original destination. Once he made it home, the deputies/officers pulled into his driveway behind him.

9.

Deputy Donovan Ginn and other officers proceeded to ask Petitioner questions, Petitioner kept his hands in plain view where all officers could view them, as he is familiar with the process.

10.

One of the officers opened his car door and begin questioning him as to whether he had anything on him. Petitioner alleges that the officers were referring to drugs or weapons, and Petitioner responded that he had none.

11.

Petitioner asserts that the officers began to pull him out of his vehicle, while other officers begin to arrive on the scene.

12.

Petitioner asserts that he was dragged to the ground, face down and officers began to hit and kick him.

13.

Petitioner asserts that at no time did he resist any of the officers, and the officers continued to beat him for a period of time.

14.

Petitioner sustained multiple lacerations; including, a cut to the top of his head, a fractured arm, and broken ribs amongst other ailments. Petitioner does not recall an exact number of deputies/officers involved in the beating.

15.

Petitioner is a dialysis patient, and the beating was extremely detrimental to his health.

4

16.

Petitioner believes that the deputies/officers involved were wearing body cameras at the time of the incident and has requested through a public record's request to receive the footage. Petitioner is not certain as to whether said footage has been destroyed.

17.

Petitioner asserts that the published police report is fabricated, and aspects of Deputy Ginn's narrative is untrue. (Exhibit A) Petitioner asserts that he was not the aggressor but was

actually beaten terribly by Deputy Ginn and other officers. Sheriff Jay Russell is and was at the time of the incidents in command of Deputy Ginn and any/all of sheriff deputies on site and involved in the beating of Plaintiff causing him to sustain multiple lacerations; including, a cut to the top of his head, a fractured arm, and broken ribs amongst other ailments.

18.

Petitioners girlfriend at the time, Teresa Criff, and her daughter, Te'Asia Martin were present during the incident whereby it was learned that the incident was recorded.

19.

Teresa Criff, as a witness, asserts that Petitioner was not resisting at any time to the officers but was attacked by the officers instead.

20.

The video footage was captured by Petitioner's home security camera. (Exhibit B). The video footage captures an officer swinging downwards, punching Petitioner repeatedly. The deputies/officers who attacked Petitioner inflicted a severe laceration to his head, which required several stitches, fractured ribs and a fractured right arm.

21.

Deputy Ginn stated in the police report that Teresa Criff as owner of the vehicle gave consent to search the vehicle and nothing illegal was found. Petitioner informed the officers of this fact when he was first questioned; however, the officers proceeded to pull him out of the vehicle and beat him senselessly anyway. The officer was heard telling the witnesses to go back in the house.

22.

The EMS Ambulance was contacted and arrived on the scene, and Petitioner was transported to St. Francis Medical Center where he was treated. Petitioner later followed up with Glenwood Regional Medical Center sometime after.

23.

Petitioner was never arrested on the scene for any criminal activity. Oddly enough, Deputy Ginn obtained an arrest warrant for Petitioner approximately 3-4 days later and bond was set at $4,650.

24.

Petitioner alleges that the actions by the Officers were unreasonable, unnecessary, violated police protocol and procedure, excessive force, negligent, an exercise of bad judgment, and violated Petitioner's 4th and 14th Amendments of the United States Constitution and certain Louisiana Constitutional and state rights.

**TORT CAUSES OF ACTIONS**

25.

Petitioner asserts that the Defendants are liable pursuant to Louisiana Code of Civil Procedure Articles 2315, 2316, 2317, and 2320.

26.

Petitioner asserts that the Defendants are liable pursuant to Louisiana Code of Civil Procedure 2315, which requires that every act whatever man that causes damage to another obliges him by whose fault it is to repair it.

27.

The Defendants, Deputy Ginn and other officers did in fact assert excessive force by beating Petitioner, in which they inflicted great bodily harm when Petitioner posed no imminent threat of danger or great bodily harm to any of the officers.

28.

The Defendants could have de-escalated the situation in order to gain control of the setting; including but not limited to, verbal judo, reporting the incident to a supervisor, and all other acceptable police tactics short of unreasonable and excessive force, which will
more fully be shown at trial.

29.

Petitioner avers that Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2317, which provides that individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

30.

Petitioner avers that Defendants are liable pursuant to Louisiana Code of Civil Procedure Article 2320, which provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed.

31.

Defendant Officers were acting under the direction and control of Defendants Ouachita Parish Sheriff's Office, Monroe City Police Dept., Louisiana State Police Dept, ULM Police Dept., Sheriff Jay Russell, City of Monroe, and Metro Narcotics Unit at the time of the incident. Acting under color of law and pursuant to official policy and custom, Defendants through its Police Departments were negligent in hiring, training, and retention of Defendants.

32.

Defendants through its Police Departments knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control Defendant Officers from depriving Petitioner of his constitutional and statutory rights, privileges and immunities under the laws and Constitution of the State of Louisiana.

33.

Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant, Officers.

34.

Defendants breached their duty owed to Petitioner in this matter because of their unnecessary, negligent, and use of excessive force, which in fact caused the substantial injuries of Petitioner.

35.

Petitioner believes that the Defendants are liable pursuant to Article Section 2 of the Louisiana State Constitution, which provides that no person shall be deprived of life, liberty, or property except by due process of law.

36.

Petitioner believes that Defendants are liable pursuant to Louisiana Revised Statute 42: 1441.3 which provides that municipalities are responsible for the actions, offenses, and torts of their officials and deputy officials.

37.

Petitioner asserts that the Defendants are liable for the injuries and damages that Petitioner sustained due to the acts and/or omissions of negligence and/or fault that are included, but not limited to the following:

a) the excessive use of force against Mr. Aaron Bowman;

b) failure to employ alternative modes of de-escalating the situation;

c) failure to act reasonably as a prudent police officer;

d) violation of applicable law enforcement standards;

e) failure to ensure the safety of other citizens in the area; and

f) the acts and/or omissions which may be fully shown at trial.

38.

Plaintiff itemizes his damages as follows:

1. Damages for assault and battery (excessive force)
2. Damages for negligent and intentional infliction of mental and emotional distress due to outrageous conduct
3. Damages for filing false cover charges
4. Past mental anguish
5. Future mental anguish
6. Past and present suffering
7. Past Loss of Enjoyment of Life
8. Future Loss of Enjoyment of Life
9. Past medical expenses
10. Future medical expenses
11. Court costs
12. Petitioner prays for such damages as reasonable in the premises and all equitable relief.

Petitioner demands judgment against Defendants, **MONROE POLICE DEPARTMENT, SHERIFF JAY RUSSELL IN HIS OFFICIAL CAPACITY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (OFFICE OF STATE POLICE), UNIVERSITY OF LOUISIANA SYSTEM BOARD OF SUPERVISORS, THE CITY OF MONROE, PARISH OF OUACHITA, DONOVAN GINN IN HIS INDIVIDUAL CAPACITY, JOHN DOE #1-#5, and ABC INSURANCE COMPANIES listed in ¶2(L)-(P)** *supra*, jointly and severally for compensatory damages and further demands judgment against Defendants, jointly and severally for punitive damages, plus the costs of this action, such other relief, as the Court deems just and equitable.

**WHEREFORE**, Petitioner, **AARON BOWMAN,** individually prays that this Petition be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Petitioner and against Defendants for the foregoing general and special damages, costs, interest, and other recoverable damages and appropriate relief.

Respectfully Submitted,

/s/ Christopher J. Murell_____
Christopher J. Murell (#32075)
**Unglesby Law Firm**
246 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Fax: (225) 336-4355
Chris@unglesbylaw.com


Ronald S. Haley, Jr. (#30900)
**Haley & Associates**
8211 Goodwood Blvd., Suite E
Baton Rouge, Louisiana 70806
Telephone: (225) 663-8869
Fax: (225) 888-900-9771
Rhaley@ronaldhaleylawfirm.com

Donecia Banks-Miley, #35641
Jessica Williams, # 32956
**Pleasant, Williams & Banks-Miley Law Group, LLC**
901 North 3rd Street
Monroe, Louisiana 71201
318.605.4607 phone
318.605.4617 facsimile
dbmiley@pwblaw.net
jwill@pwblaw.net
*Counsel for Aaron Bowman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record, through the U.S Courts PACER system on this 15th day of January 2021, by electronically filing the same.

/s/ Christopher Murell