UNITED STATES DISTRICT  COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

AARON LARRY BOWMAN                          CIVIL ACTION NO. 20-CV-01372

v.                                          JUDGE DOUGHTY

OUACHITA PARISH SHERIFF'S                    MAGISTRATE JUDGE HAYES
OFFICE, ET AL

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT AND VOLUNTARILY DISMISS ALL CLAIMS
UNDER 42 U.S.C. § 1983 AND PLAINTIFF'S MOTION TO REMAND

Defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA

SYSTEM (incorrectly identified, named and referred to by Plaintiff as the University of Louisiana

System Board of Supervisors) (the "Board"), respectfully submits this memorandum in opposition

to the "Motion for Leave to Amend Complaint and Voluntarily Dismiss All Claims Under [42]

U.S.C. § 1983" ("Motion to Amend") and "Motion to Remand" filed by Plaintiff, Aaron Larry

Bowman ("Plaintiff").  (Docs. 47 & 48).  For the reasons set forth below, Plaintiff's Motion to

Amend and Motion to Remand should be denied.

I.      Background

Plaintiff filed his initial Petition for Damages ("Petition") on September 21, 2020, in the 4th

Judicial District Court, in and for Ouachita Parish, Louisiana.  (Doc. 1-2).  On October 22, 2020, co-

defendant, the Louisiana Department of Public Safety & Corrections (Office of State Police)

("DPSC"), filed a Notice of Removal, seeking to remove Plaintiff's suit to this Court, pursuant to

28 U.S.C. §§ 1331 and 1343, as Plaintiff expressly alleged claims arising under Section 1983 in his

Petition.  (Doc. 1).  This Court entered a Removal Order on October 26, 2020.  (Doc. 3).

1

On October 30, 2020, the Board filed a Motion to Dismiss, seeking dismissal of all of Plaintiff's claims against it, pursuant to Federal Rule of Civil Procedure 12(b). (Doc. 7). Several other defendants similarly filed dispositive motions. On November 18, 2020, Plaintiff filed a "First Amendment to the Complaint," adding numerous defendants, dismissing two defendants, and amending certain factual allegations ("First Amended Complaint"). (Doc. 19). In his First Amended Complaint, Plaintiff "restated and re-averred" all of the claims set forth in the Petition, including the federal claims. The Board subsequently filed a Second Motion to Dismiss, again seeking dismissal of all of Plaintiff's claims against the Board. (Doc. 28). The Board's First and Second Motions to Dismiss remain pending before this Court.

Plaintiff now seeks to file a "Second Amended Complaint to Voluntarily Dismiss All Causes of Action and Damages under 42 U.S.C. § 1983" ("Second Amended Complaint"), which purportedly "str[ikes] and remove[s] any allegation of liability of or damages owed by Defendants under the Federal Constitution or any federal statute." (Doc. 51, p. 1). Plaintiff has also simultaneously filed a Motion to Remand, arguing that dismissal of his federal claims would divest this Court of subject matter jurisdiction. (Doc. 48-1, p. 2).

Plaintiff's Motion to Amend is a blatant, improper effort to defeat federal jurisdiction, and should be denied. If Plaintiff's Motion to Amend is denied, Plaintiff's Motion to Remand should also be denied, as Plaintiff's federal claims will remain. But even if this Court grants Plaintiff's Motion to Amend, this Court should exercise its discretion to deny remand.

II.     **Law and Analysis**

A.      **Motion to Amend**

In deciding whether to grant leave to amend, courts consider five factors: (1) undue delay,

(2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Two of these factors are particularly relevant here: bad faith or dilatory motive, and undue prejudice to the opposing party.

### 1.      Bad Faith

First, the sole purpose of Plaintiff's Motion to Amend is to defeat federal jurisdiction. Plaintiff makes no secret of this purpose, as Plaintiff filed a Motion to Remand simultaneously with his Motion to Amend.

In *Bouie v. Equistar Chemicals, LP*, 188 F. App'x 233, 238-39 (5th Cir. 2006) (unpublished), the Fifth Circuit upheld the district court's denial of a post-removal motion to amend. After the defendant removed the suit based on federal question jurisdiction, the plaintiff quickly filed a motion for leave to amend, "stating that he wanted to drop the federal claims and that he wanted the court to remand the case back to state court." *Id.* at 236. The district court denied the requested amendment, finding "bad faith on the part of [the plaintiff] for forum shopping, noting that [the plaintiff's] intention was to defeat federal jurisdiction." *Id.* at 239. The Fifth Circuit upheld the denial, reasoning that the district court properly found bad faith.[1] *Id.*

Similarly, here, Plaintiff has engaged in bad faith by seeking to dismiss his federal claims, solely to defeat federal jurisdiction. Accordingly, Plaintiff's Motion to Amend should be denied. *See also Sheppard v. Liberty Mut. Ins. Co.*, No. 16-2401, 2016 WL 6246925, at *2 (E.D. La. Oct. 26, 2016) (unpublished) (denying post-removal motion to amend to dismiss federal claims, finding

---

[1] The district court also based the denial on a finding of futility, noting that the court examines jurisdiction at the time of removal. *Bouie*, 188 F. App'x at 238-39. The Fifth Circuit similarly concluded the district court properly found futility. *Id.*

bad faith).

### 2.    Undue Prejudice

Allowing Plaintiff to amend his Complaint would also result in undue prejudice to defendants, including the Board.  There are currently multiple dispositve motions pending before this Court, including the Motions to Dismiss filed by the Board.  If Plaintiff is allowed to amend his Complaint, and Plaintiff's Motion to Remand is granted, defendants would be denied the opportunity to have their motions heard – thereby resulting in undue prejudice to defendants.

### 3.    Summary

For these reasons, Plaintiff's Motion to Amend should be denied.  Alternatively, if this Court allows Plaintiff to amend his Complaint, the Board respectfully asks this Court to dismiss all of Plaintiff's federal claims **with prejudice**.  Additionally, if Plaintiff's Motion to Amend is granted, the Board respectfully moves to strike Paragraph 24 of Plaintiff's Second Amended Complaint, as it still contains allegations arising under federal law.  (Doc. 51, ¶ 24).

### B.    Motion to Remand

For the reasons set forth above, this Court should deny Plaintiff's Motion to Amend.  If the Motion to Amend is denied, Plaintiff's federal claims will remain, and there will be no basis for remand.  In the event this Court grants Plaintiff's Motion to Amend, the Court should exercise its discretion to deny remand.

### 1.    Section 1447(C)

Plaintiff asserts that, pursuant to 28 U.S.C. § 1447(C), if he is allowed to dismiss his federal claims, there will be no subject matter jurisdiction over his remaining claims.  Plaintiff's assertion is incorrect.  Section 1447(C) provides, in relevant part: "If at any time before final judgment it

4

appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Jurisdictional facts are determined <u>at the time of removal</u>. *Spear Mktg., Inc. v. BancorpSouth Bank*,

791 F.3d 586, 592 (5th Cir. 2015).  It is "established precedent that once a case is properly removed,

the district court retains jurisdiction *even if* the federal claims are later dropped or dismissed." *Id.*

Thus, Section 1447(C) is **not** applicable here because it is undisputed that when the suit was

removed, this Court had original jurisdiction over Plaintiff's federal claims and supplemental

jurisdiction over his state-law claims.  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640

(2009) (explaining Section 1447(C) did not apply to plaintiff's motion to remand, brought after

dismissal of federal claim).

Plaintiff's Motion to Remand is based solely on Section 1447(C).  Because the Court will

retain subject-matter jurisdiction regardless of whether Plaintiff's federal claims are dismissed, the

Motion to Remand should be denied.

### 2.     Discretionary Authority

As Plaintiff has relied only upon Section 1447(C), the Board respectfully submits that the

Court need look no further in its analysis.  However, in the event the Court conducts a discretionary

analysis, Plaintiff's Motion to Remand should still be denied.

When a plaintiff seeks remand following dismissal of all federal claims, a Court has the

discretion to remand or retain the case.  *See id.*  In deciding whether a case should be remanded,

courts consider several factors.  First, courts look to 28 U.S.C. § 1367(c), which allows a district

court the discretion to decline supplemental jurisdiction if: (1) the claim raises a novel or complex

issue of State law; (2) the claim substantially predominates over the claim or claims over which the

district court has original jurisdiction; (3) the district court has dismissed all claims over which it has

original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.   Courts also consider the common law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).   Finally, courts "**should consider whether the plaintiff has 'attempted to manipulate the forum' in which his case will be heard 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case,' and should guard against such manipulation by denying motions to remand where appropriate.**" *Brown v. S.W. Bell Telephone Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) *(quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (emphasis added).

Here, all factors, considered together, weigh in favor of continuing to exercise jurisdiction. First, the Section 1367 factors weigh in favor of denying remand.  Even if the federal claims are dismissed, this matter does not involve a novel or complex issue of state law, nor are there any compelling circumstances that weigh in favor of declining jurisdiction.

The common-law factors also weigh in favor of denying remand, as there are multiple dispositive motions pending before this Court, which would go unheard if Plaintiff's Motion to Remand is granted.

Most importantly, though, the concern of forum manipulation **strongly weighs** in favor of denying remand.  As set forth above, Plaintiff's Motion to Amend and Motion to Remand are an obvious effort at forum shopping, which should be rejected by this Court. *See id.* (denying motion to remand after federal claims dismissed).

III.   **Conclusion**

For the reasons set forth above, the Board respectfully asks this Court to deny Plaintiff's

Motion to Amend and Motion to Remand.

                                      Respectfully submitted,

                                        JEFF LANDRY
                                        ATTORNEY GENERAL

                                        By: /s/ Steven M. Oxenhandler
                                        Steven M. Oxenhandler, T.A. (#28405)
                                        soxenhandler@goldweems.com
                                        Michael J. O'Shee (#10268)
                                        moshee@goldweems.com
                                        Joshua J. Dara, Jr. (#35739)
                                        jdara@goldweems.com
                                        GOLD WEEMS LAW FIRM
                                        2001 MacArthur Drive
                                        PO Box 6118
                                        Alexandria, LA 71307-6118
                                        Phone 318.445.6471
                                        Facsimile 318.445.6476
                                        **SPECIAL ASSISTANTS ATTORNEYS GENERAL AND COUNSEL FOR THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM**