UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| AARON LARRY BOWMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. 3:20-cv-01372 |
| | * | |
| | * | JUDGE TERRY A. DOUGHTY |
| OUACHITA PARISH SHERIFF'S | * | |
| OFFICE, ET AL. | * | MAGISTRATE JUDGE KAREN L. HAYES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, the Louisiana Department of Public Safety & Corrections (Office of State Police) (the body corporate incorrectly identified, named and referred to as "Louisiana State Police Department" in the caption and body of the Petition for Damages for Police Misconduct and Excessive Force) ("DPSC"), submits this opposition to *Plaintiff's Motion to Amend Complaint and Voluntarily Dismiss All Claims under 42 U.S.C. § 1983* [Rec. Doc. 47] and this opposition to *Plaintiff's Motion to Remand* [Rec. Doc. 48]:

**FACTUAL BACKGROUND**

On September 21, 2020, Plaintiff filed a Petition for Damages for Police Misconduct and Excessive Force in the 4th Judicial District Court in and for the Parish of Ouachita, State of Louisiana.  Identified in the petition as defendants are: (a) Ouachita Parish Sheriff's Office; (b) Sheriff Jay Russell; (c) Metro Narcotics Unit; (d) Monroe Police Department; (e) Louisiana State Police Department; (f) University of Louisiana at Monroe Police Department; (g) City of Monroe,

Page 1

Parish of Ouachita; and (h) Deputy Donovan Ginn.[1]

Plaintiff alleged in the original petition that [law enforcement] officers followed him by car to his home on May 30, 2019, pulled into his driveway and questioned him, then pulled him out of his car, dragged him to the ground and began to hit and kick him. Plaintiff further alleged that the owner of the car that the Plaintiff occupied gave the officers consent to search the car. Plaintiff admitted in the petition that he was not arrested following the officers' search of the car but went on to allege that Deputy Donovan Ginn obtained a warrant for the Plaintiff's arrest approximately three or four days later and that bond was set.

Plaintiff specifically alleged in the petition that "[the officers'] actions . . . were unreasonable, unnecessary, violated police protocol and procedure, excessive force, negligent, and exercise of bad judgment, and violated [Plaintiff's] 4th and 14th Amendment of the United States Constitution and certain Louisiana Constitutional rights." More specifically, Plaintiff stated in the petition that "this matter arises under 42 U.S.C. section 1983, *et seq*."

## PROCEDURAL BACKGROUND

Because Plaintiff has asserted claims arising under the Fourth and Fourteenth Amendments to the U.S. Constitution, this civil action is one in which the United States District Court for the Western District of Louisiana unquestionably has jurisdiction by reason of 28 U.S.C. §§ 1331 and

---

[1] Defendants, Ouachita Parish Sheriff's Office, Sheriff Jay Russell and Deputy Donovan Ginn, are collectively referred to herein as "the Ouachita Defendants."

Defendants, Monroe Police Department and the City of Monroe, Parish of Ouachita, are collectively referred to herein as "the Monroe Defendants."

Defendant, the University of Louisiana at Monroe Police Department, is referred to herein as the Board of Supervisors for the University of Louisiana System ("the Board").

1343. For that reason, DPSC removed this case to federal court on October 22, 2020 through the filing of a *Notice of Removal* [Rec. Doc. 1].

After removal, DPSC filed (but yet to be decided by this Court is) a *Rule 12(b) Response/Motion, Answer and Affirmative Defenses to the Plaintiff's Petition for Damages for Police Misconduct and Excessive Force* [Rec. Doc. 5] (hereinafter referred to as "Rule 12(b) motion") through which DPSC seeks a dismissal of Plaintiff's claims.[2] Specifically, DPSC seeks a dismissal on grounds of:

(1) insufficiency of process and/or service of process;
(2) lack of personal jurisdiction;
(3) prescription; and
(4) failure to state a claim for:
    a. any action or inaction of DPSC that allegedly caused the injuries and/or damage Plaintiff claims to have sustained;
    b. vicarious liability for claims asserted under 42 U.S.C. § 1983;
    c. punitive damages and attorney's fees; and
    d. malicious prosecution.

DPSC filed its Rule 12(b) motion on October 29, 2020 in accordance with the deadlines set forth in FED. R. CIV. P. 12. By *Notice of Motion Setting* [Rec. Doc. 6] issued by the Court, Plaintiff's opposition to the Rule 12(b) motion originally was due on or before November 20, 2020.

Two days before this deadline, Plaintiff filed a *First Amendment to the Complaint to Add/Join Defendants and Voluntary Dismissal of Defendant with Demand for Jury Trial (Unopposed)* [Rec. Doc. 19] in which new defendants were added/joined and through which the

---

[2] Similarly, the Board filed a *Motion to Dismiss Pursuant to Rule 12(b) of the FRCP* [Rec. Doc. 7], the Monroe Defendants filed a *Motion to Dismiss and Alternative Motion to Stay* [Rec. Doc. 31], and the Ouachita Defendants filed a *Rule 12(b)(6) Motion to Dismiss Based on Prescription* [Rec. Doc. 37]. The merits of the Board's, the Monroe Defendants' and the Ouachita Defendants' motions also remain to be decided.

Ouachita Parish Sheriff's Office and Metro Narcotics Unit were voluntarily dismissed.³  Then, on November 20, 2020, Plaintiff filed a *Motion for Extension of Time to Oppose Defendant's Motion to Dismiss Complaint (First Request) (Unopposed)* [Rec. Doc. 24].⁴  A few days later, an *Order* [Rec. Doc. 27] granting Plaintiff's motion was entered, imposing a new deadline of December 4, 2020 for the submission of Plaintiff's opposition to the Rule 12(b) motion.

On December 4, 2020, Plaintiff filed a *Motion for Extension of Time to Oppose Defendant's Motion to Dismiss Complaint (Second Request) (Unopposed)* [Rec. Doc. 34].⁵  An *Order* [Rec. Doc. 36] granting Plaintiff's motion was entered a few days later, imposing a third deadline of December 24, 2020 for the submission of Plaintiff's opposition to the Rule 12(b) motion.

On December 24, 2020, Plaintiff filed a *Motion for Extension of Time to Oppose Defendant's Motion to Dismiss Complaint (Third Request) (Unopposed)* [Rec. Doc. 40].⁶  Several

---

³ It was represented to undersigned counsel that an amendment was being prepared to cure the deficiencies set forth in DPSC's Rule 12(b) motion, so DPSC did not object to this planned amendment  *See* Exhibit A – email string dated November 4-11, 2020.

⁴ When Plaintiff sought his first extension of time to oppose DPSC's Rule 12(b) motion, DPSC did not object.  *See* Exhibit B – email string dated November 19, 2020.

⁵ When Plaintiff sought his second extension of time to oppose DPSC's Rule 12(b) motion, it was represented that additional time was needed because Plaintiff's counsel's family and/or household members had been diagnosed with Covid-19 and it was necessary for Plaintiff's counsel to quarantine for at least 10 days.  Based on the reasons proffered by Plaintiff's counsel for the request, DPSC did not object.  *See* Exhibit C – email string dated December 3-4, 2020.

Notably, Plaintiff's counsel appeared in person for a press conference related to this case on December 14, 2020 yet was unable to timely file an opposition brief with the court:

https://www.wafb.com/2020/12/14/attorneys-man-allegedly-beaten-with-excessive-force-by-lsp-trooper-call-release-body-camera-footage-other-officers-be-held-accountable/

⁶ When Plaintiff sought his third extension of time to oppose DPSC's Rule 12(b) motion, it was represented that: (1) an amendment was in order to add additional defendants whose identities recently had become known to Plaintiff's counsel, and (2) an amended complaint would be forthcoming.  *See* Exhibit D – email string dated December 23, 2020.

days later, an *Order* [Rec. Doc. 46] granting Plaintiff's motion was entered, imposing yet another deadline for the submission of Plaintiff's opposition to the Rule 12(b) motion. Under the most recently signed and applicable order, the deadline for Plaintiff to oppose/respond to DPSC's Rule 12(b) motion was January 14, 2021.

 That deadline came and went, yet Plaintiff filed no opposition/response to the Rule 12(b) motion. Instead, he filed *Plaintiff's Motion to Amend Complaint and Voluntarily Dismiss All Claims under 42 U.S.C. § 1983* [Rec. Doc. 47]. Under the circumstances – having received no opposition to the Rule 12(b) motion filed long ago, this Court should consider DPSC's Rule 12(b) motion as unopposed.[7] Moreover, the Court should not entertain Plaintiff's requested amendment at this stage.

 Plaintiff did not request to amend and withdraw his federal claims until 108 days after he filed suit against DPSC and 595 days after the events described in the petition/complaints are alleged to have occurred. More importantly, Plaintiff's request to amend was not made until well after DPSC filed its Rule 12(b) motion seeking dismissal of Plaintiff's claims on various grounds (primarily related to the timing of them) and following three unopposed extensions of time to oppose DPSC's Rule 12(b) motion.

---

[7] The original *Notice of Motion Setting* [Rec. Doc. 6] provides (emphasis added):

**NOTICE OF MOTION SETTING WITHOUT DATE**

The Motion to Dismiss (Document No. 5) filed by LA Dept of Public Safety & Corrections on October 29, 2020 has been referred to Magistrate Judge Hayes.

**Deadlines**

Any response to said motion is due by November 20, 2020. The movant may file a reply, without leave of court, within seven (7) days after the response is filed. LR7.8 governs the length of briefs. ==Any party filing no brief will be deemed not to oppose the motion.== At the close of the briefing period, the record will be submitted to the Magistrate Judge for consideration; a written ruling or recommendation will issue in due course.

## LAW & ARGUMENT

**1.     DPSC'S PENDING RULE 12(b) MOTION**

When a plaintiff seeks to amend following a motion to dismiss, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave."[8]  Still, there are varying opinions among courts as to whether to first decide the motion for leave/to amend or the motion to dismiss.[9] In the Fifth Circuit, courts consider "whether the amended complaint cures defects in the original pleading before deciding whether the pending motion to dismiss is moot."[10]  Importantly, a court still may rule on a motion to dismiss while a motion for leave is pending.[11]

DPSC submits that the Court should rule upon the unopposed Rule 12(b) motion before taking up and ruling upon both *Plaintiff's Motion to Amend Complaint and Voluntarily Dismiss All Claims under 42 U.S.C. § 1983* [Rec. Doc. 47] and *Plaintiff's Motion to Remand* [Rec. Doc. 48].  After all, Plaintiff's motion for leave to amend and proposed, amended complaint does not cure the deficiencies identified in DPSC's Rule 12(b) motion, particularly Plaintiff's failure to effect proper service and the resulting lack of personal jurisdiction and time-bar to his claims.

---

[8]  *Louisiana v. Bank of Am. Corp.*, No. CV 19-638-SDD-SDJ, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (quoting *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F.Supp.2d 376, 384 (D. Conn. 2008)) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002)) (internal quotations omitted).

[9]  *See e.g. Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*, No. 4:17-CV-181, 2020 WL 5345390, at *11 (S.D. Tex. Sept. 4, 2020) (district court denied the motion for leave filed while a motion to dismiss was pending).

[10] *Stevens v. St. Tammany Par. Gov't*, No. CV 20-928, 2020 WL 4219638, at *4 (E.D. La. July 23, 2020).

[11] *Id.*

**2.    PLAINTIFF'S MOTION TO AMEND**

Under FED. R. CIV. P. 15(a), a plaintiff may – with the consent of the parties or with leave of court – amend his complaint after responsive pleadings have been filed. Generally, the district court should freely give leave to amend and "a district court must possess a 'substantial reason' to deny a request."[12] However, in deciding whether to grant leave to amend a complaint, the court examines five considerations: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[13] DPSC submits that considerations no. 2, no. 4 and no. 5 provide the Court with a "substantial reason" to disallow Plaintiff's requested amendment.

First, Plaintiff represented to DPSC that the need for a third extension of time to file an opposition to DPSC's Rule 12(b) motion was triggered by the need to amend the lawsuit to add Trooper Jacob Brown as a defendant. This representation was misleading, noting that Plaintiff opted not to file an opposition at all and proffered an amended complaint that does not add Trooper Brown to the lawsuit.[14]

Second, DPSC is prejudiced by this motion for amend. After all, DPSC has pending before the Court a challenge of personal jurisdiction due to Plaintiff's failure to properly serve DPSC.

---

[12] *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

[13] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[14] *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (the plaintiff had ample time to investigate his claims and seek leave to amend).

Personal jurisdiction is a threshold issue that should be determined early in suit,[15] and Plaintiff's motion for leave to amend unfairly deprives DPSC of a threshold defense that should be decided early in this case. If the district court finds DPSC was improperly served, DPSC should be dismissed from the case.[16]

Third, Plaintiff's claims are prescribed on their face and should be dismissed as untimely regardless of the forum in which he precedes. The proffered amendment to remove Plaintiff's federal claims and to have this case moved back to state court will not change that, making amendment an exercise in futility:[17]

> Futility means that the amended complaint would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6).

When a plaintiff moves to voluntarily dismiss his federal claim(s) in federal question cases to eliminate jurisdiction, that alone does not necessarily amount to prejudice/egregious forum manipulation, for such an amendment may be seen "as a legitimate attempt to try her state law claims in the forum of her choice."[18] Nevertheless, to allow an amendment of this kind in this case at this stage would be prejudicial to DPSC, for it will deprive DPSC of affirmative defenses (e.g.,

---

[15] *See e.g. Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (personal jurisdiction may be decided before subject matter jurisdiction); *see also Ring v. State, Dep't of Transp. & Dev.*, 2002-1367 (La. 1/14/03), 835 So.2d 423, 429 (prescription should have been decided before constitutionality issue); and *see Carmouche v. Garber*, No. 6:19-CV-00023, 2020 WL 733236, at *1 (W.D. La. Feb. 12, 2020) (no personal jurisdiction without valid service of process; thus, proceedings against that defendant would be void).

[16] If depriving DPSC of an opportunity to secure a dismissal is not considered to be prejudicial, it is difficult to imagine what would qualify as prejudicial.

[17] *In re Vioxx Prod. Liab. Litig.*, 874 F.Supp.2d 599, 602–03 (E.D. La. 2012) (internal quotations and citation omitted).

[18] *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011) (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (agreeing with the district court that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping")); and *Giles v. NYLCare Health Plans*, Inc., 172 F.3d 332, 340 (5th Cir. 1999).

the absence of personal jurisdiction, prescription, etc.) raised in this (federal) court long before Plaintiff discovered that a dismissal of his federal claims might strip this Court of jurisdiction.[19] More importantly, the proposed amendment is indicative of forum manipulation given the previously proffered reasons for Plaintiff's anticipated amendment to the complaint as compared to the substance of the amended complaint now proposed by Plaintiff. Hence, Plaintiff's request to amend should be rejected.[20]

### 3.  PLAINTIFF'S MOTION TO REMAND[21]

Although "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial," the Fifth Circuit has expressly recognized that "this rule is neither mandatory nor absolute."[22]  In fact, no single factor is dispositive, and [the appellate court] must review the district court's decision in

---

[19] *See e.g. Lester v. Exxon Mobil Corp.*, 383 F.Supp.3d 618, 627 (E.D. La. 2019) (citing *Phillips v. Illinois Central Gulf Railroad.*, 874 F.2d 984, 987–88 (5th Cir. 1989) (it is improper to allow a voluntary dismissal to avoid an adverse ruling and proceed in a different venue where the statute of limitations has not run).

[20] *See Bouie v. Equistar Chemicals LP*, 188 F.App'x 233, 238–39 (5th Cir. 2006) (**emphasis added**):

> In deciding whether to grant leave to amend, a district court considers such factors as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir.1993). **The district court found bad faith on the part of Bouie for forum shopping, noting that Bouie's intention was to defeat federal jurisdiction. The district court also acknowledged that the amendment would be futile because a court looks at the claims in the state court petition as they existed at the time of removal when determining whether federal jurisdiction is present for purposes of removal.** *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). **The district court properly found both bad faith and futility and, therefore, did not abuse its discretion in denying Bouie's motion for leave to amend.**

[21] DPSC maintains that it is premature to consider and rule upon Plaintiff's motion to remand given that Plaintiff's motion to amend has yet to be decided. It likewise is premature to consider and rule upon Plaintiff's motion to remand pending disposition of and entry of an order related to any motion by Plaintiff to voluntarily dismiss his federal claims against DPSC and the other defendants.

[22] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

light of the specific circumstances of the case at bar.[23]

In *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008), the Fifth Circuit expressly found that the district court did not abuse its discretion to exercise supplemental jurisdiction over state law claims after it had dismissed all claims over which it had original jurisdiction where the state law issues were neither novel nor complex. After all, by the time the district court in *Mendoza* was called upon to decide the issue of supplemental jurisdiction, the case against the defendants had been pending for well over a year, the discovery deadline had passed, and the parties had fully briefed the defendants' motion for summary judgment. Hence, the Fifth Circuit determined that the exercise of supplemental jurisdiction was not unfair to plaintiffs simply because there was a risk of duplicative litigation in state court.[24]

This case calls for the same conclusion given that: (1) this matter has been pending in this Court for nearly six months, (2) this Court presumably has reviewed, considered and is prepared to rule upon multiple, unopposed Rule 12(b) motions which have been pending with the Court for more than three months; and (3) any remaining state law claims against DPSC and the other defendants in this case (if Plaintiff's motion to amend is allowed) are neither novel nor complex.

---

[23] *Id.*

[24] *Id.* at 346-347.

See also *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (internal footnotes omitted) (**emphasis added**):

> "[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." **It is this court's established precedent that once a case is properly removed, the district court retains jurisdiction *even if* the federal claims are later dropped or dismissed.** In *Brown v. Southwestern Bell Telephone Co.*, we held that "[w]hen a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint *at the time the petition for removal is filed.*" **We noted that "when there is a *subsequent* narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is *not* extinguished**.

Moreover, Plaintiff's state law claims against DPSC and the other defendants arise from the same nucleus of operative facts and any presently alleged/pending federal claims.[25]

Plaintiff claims that if his motion to amend the complaint is allowed, this Court will lack federal subject-matter jurisdiction due to Plaintiff's dismissal of all federal claims against the defendants. However, there are numerous places in the proposed, amended complaint wherein Plaintiff evidences an intent to maintain federal claims against DPSC.

Consider this. As written/proposed, *Plaintiff's Second Amended Complaint to Voluntarily Dismiss all Causes of Action and Damages under 42 U.S.C. § 1983* [Rec. Doc. 51]:

- states that he is suing some defendants in both their individual and official capacities[26]
- lists purported violations of the Fourth and Fourteenth Amendments of the United States Constitution committed by the defendants[27]
- states that defendants acted "under color of law"[28]

Simply stated, Plaintiff's assertion that he aims to strike all federal claims is inconsistent with the express allegations contained within the proposed, amended complaint.

For the reasons set forth above, as well as the grounds identified by the Board in its *Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Voluntarily Dismiss All Claims under 42 U.S.C. § 1983 and Plaintiff's Motion to Remand* [Rec. Doc. 53] – all of which DPSC incorporates as if copied herein *in extenso* and adopts as its own, the continued exercise of jurisdiction over the claims in this case would serve the interests of judicial efficiency

---

[25] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (supplemental jurisdiction only requires the pendent state law claims to be so related that they "derive from a common nucleus of operative fact").

[26] Rec. Doc. 51, p. 2, ¶ 2.

[27] Rec. Doc. 51, p. 8, ¶ 24.

[28] Rec. Doc. 51, p. 9, ¶ 33.

and eliminate the need for another court to dedicate substantial resources to review documents and/or consider pleadings/motions that this Court already has reviewed and analyzed in this proceeding.[29]

### 4.    ANY DISMISSAL OF FEDERAL CLAIMS SHOULD BE ENTERED WITH PREJUDICE

In the event that the grounds for DPSC's and other defendants' oppositions to the requests to amend and remand are rejected and Plaintiff's motions to amend and remand are granted, DPSC should not later have to face the prospect of having to defend against federal claims in this case. Toward that end (and in the event that Plaintiff's request to dismiss his federal claims is allowed and if Plaintiff files a motion for voluntary dismissal), the Court should order any and all federal claims (which stem from the events described in the petition/complaints) be dismissed with full prejudice.[30]  Specifically, DPSC prays that any motion and corresponding order to dismiss expressly state that Plaintiff foregoes any and all federal claims that arise from the events described in his petition and/or amended complaints.  Moreover, Plaintiff should be cast with court costs and ordered to reimburse DPSC for the filing fees incurred to remove the case to this Court.

### CONCLUSION

Plaintiff waited until January 14, 2021 – more than a year and a half after the events described in the lawsuit are alleged to have occurred, nearly four months after suit was filed and

---

[29] DPSC likewise adopts and incorporates as if contained herein *in extenso* the substance of the briefs filed/to be filed and arguments made/to be made by the Monroe Defendants, the Ouachita Defendants and any other defendants in this matter.

[30] Well-established jurisprudence provides that a motion for voluntary dismissal of federal claims is an appropriate mechanism to employ when a plaintiff amends his suit to delete federal claims and then seeks remand. *See e.g. Maynor v. Chennault Int'l Airport Auth.*, No. 18-CV-1504, 2019 WL 2850127, at *1 (W.D. La. June 12, 2019), *report and recommendation adopted*, No. 2:18-CV-1504, 2019 WL 2852315 (W.D. La. July 1, 2019); *Henderson v. Town of Greenwood*, No. CV 20-1030, 2020 WL 7213001, at *1 (W.D. La. Dec. 7, 2020) (defendants requested voluntary motion to dismiss with prejudice).

more than two months after DPSC filed its Rule 12(b) motion – to file a motion to amend the complaint. Not only is Plaintiff's motion seeking leave of court to amend the complaint ill-timed and brought in bad faith; it is prejudicial to DPSC and other defendants (most or all of which have motions to dismiss pending), unjustified (given that Plaintiff offers no explanation for the inconsistency between the substance of the amended complaint that has been proposed to the court and the amended complaint that reportedly was to be filed)[31] and unwarranted (the existence of jurisdiction is determined at the time of removal, so it is a futile attempt to deprive the court of jurisdiction).[32]

WHEREFORE, DPSC prays that Plaintiff's motion for leave to amend the complaint be denied and that Plaintiff's motion to remand be denied, as well as for all other equitable relief to which it may be entitled. Alternatively, DPSC prays that its Rule 12(b) motion be decided before the Court renders judgment on Plaintiff's motion to amend and Plaintiff's motion to remand.

<div style="margin-left: 40%;">

Respectfully Submitted,
JEFF LANDRY
Attorney General

BY: /s/Jennie P. Pellegrin
JENNIE P. PELLEGRIN
La. Bar Roll No. 25207
jpellegrin@neunerpate.com
ELIZABETH BAILLY BLOCH
La. Bar Roll No. 37591
bbloch@neunerpate.com
NEUNERPATE
One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Box 52828
Lafayette, LA 70505-2828
TELEPHONE: (337) 237-7000   FAX: (337) 233-9450
*Special Assistants Attorneys General and Counsel for the Louisiana Department of Public Safety & Corrections*

</div>

---

[31] *See Plaintiff's Second Amended Complaint to Voluntarily Dismiss all Causes of Action and Damages under 42 U.S.C. § 1983* [Rec. Doc. 51, p. 2, ¶ 2, p. 8 ¶ 24 and p. 9 ¶ 33].

[32] *See Bouie*, 188 F.App'x 238-239.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2021, a copy of the Opposition to Plaintiff's Motion to Amend Complaint and Opposition to Plaintiff's Motion to Remand on behalf of DPSC was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to all counsel by operation of the Court's electronic filing system.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| AARON LARRY BOWMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. 3:20-cv-01372 |
| | * | |
| | * | JUDGE TERRY A. DOUGHTY |
| OUACHITA PARISH SHERIFF'S | * | |
| OFFICE, ET AL. | * | MAGISTRATE JUDGE KAREN L. HAYES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................ ii

FACTUAL BACKGROUND ........................................................................................................1

PROCEDURAL BACKGROUND .................................................................................................2

LAW & ARGUMENT

    1. DPSC'S PENDING RULE 12(b) MOTION ..................................................................6
    2. PLAINTIFF'S MOTION TO AMEND ...........................................................................7
    3. PLAINTIFF'S MOTION TO REMAND .........................................................................9
    4. ANY DISMISSAL OF FEDERAL CLAIMS SHOULD BE ENTERED WITH PREJUDICE
       SERVICE ..............................................................................................................12

CONCLUSION.........................................................................................................................12

CERTIFICATE OF SERVICE ....................................................................................................14

# TABLE OF AUTHORITIES

**CASES**

**PAGE**

*Bouie v. Equistar Chemicals LP*,
 188 F.App'x 233 (5th Cir. 2006) ..................................................................................................9

*Brookshire Bros. Holding v. Dayco Prod., Inc.*,
 554 F.3d 595 (5th Cir. 2009) ........................................................................................................9

*Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*,
 No. 4:17-CV-181, 2020 WL 5345390 (S.D. Tex. Sept. 4, 2020) ..................................................9

*Carmouche v. Garber*,
 No. 6:19-CV-00023, 2020 WL 733236 (W.D. La. Feb. 12, 2020) ...............................................8

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
 44 F.3d 256 (5th Cir. 1995) ..........................................................................................................9

*Enochs v. Lampasas Cty.*,
 641 F.3d 155 (5th Cir. 2011) ........................................................................................................8

*Giles v. NYLCare Health Plans*, Inc.,
 172 F.3d 332 (5th Cir. 1999) ........................................................................................................8

*Guzzino v. Felterman*,
 191 F.3d 588 (5th Cir. 1999) ........................................................................................................8

*Henderson v. Town of Greenwood*,
 No. CV 20-1030, 2020 WL 7213001 (W.D. La. Dec. 7, 2020 ...................................................12

*In re Vioxx Prod. Liab. Litig.*,
 874 F.Supp.2d 599 (E.D. La. 2012) ..............................................................................................8

*Lester v. Exxon Mobil Corp.*,
 383 F.Supp.3d 618 (E.D. La. 2019) ..............................................................................................9

*Louisiana v. Bank of Am. Corp.*,
 No. CV 19-638-SDD-SDJ, 2020 WL 3966875 (M.D. La. July 13, 2020) ...................................6

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
 276 F.3d 720 (5th Cir. 2002) ........................................................................................................9

*Maynor v. Chennault Int'l Airport Auth.*,
 No. 18-CV-1504, 2019 WL 2850127 (W.D. La. June 12, 2019),
 *report and recommendation adopted*,
 No. 2:18-CV-1504, 2019 WL 2852315 (W.D. La. July 1, 2019) ............................................ 12

*Mendoza v. Murphy*,
 532 F.3d 342 (5th Cir. 2008) ............................................................................................... 10

*Phillips v. Illinois Central Gulf Railroad.*,
 874 F.2d 984 (5th Cir. 1989) ................................................................................................. 9

*Pure Country, Inc. v. Sigma Chi Fraternity*,
 312 F.3d 952 (8th Cir. 2002) ................................................................................................. 6

*Ring v. State, Dep't of Transp. & Dev.*,
 2002-1367 (La. 1/14/03), 835 So.2d 423 .............................................................................. 8

*Roller Bearing Co. of America, Inc. v. American Software, Inc.*,
 570 F.Supp.2d 376 (D. Conn. 2008) ..................................................................................... 6

*Sangha v. Navig8 ShipManagement Private Ltd.*,
 882 F.3d 96 (5th Cir. 2018) ................................................................................................... 8

*SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*,
 839 F.3d 422 (5th Cir. 2016) ................................................................................................. 7

*Smith v. EMC Corp.*,
 393 F.3d 590 (5th Cir. 2004) ................................................................................................. 7

*Spear Mktg., Inc. v. BancorpSouth Bank*,
 791 F.3d 586 (5th Cir. 2015) ............................................................................................... 10

*Stevens v. St. Tammany Par. Gov't*,
 No. CV 20-928, 2020 WL 4219638 (E.D. La. July 23, 2020) .............................................. 6

*United Mine Workers of Am. v. Gibbs*,
 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ......................................................... 11

*Wimm v. Jack Eckerd Corp.*,
 3 F.3d 137 (5th Cir. 1993) ................................................................................................ 7, 9

**CODE ARTICLES, CONSTITUTIONAL ARTICLES,**
 **RULES & STATUTES**

                                                                          **PAGE**

28 U.S.C. § 1331 ................................................................................................................2

28 U.S.C. § 1343 ................................................................................................................3

42 U.S.C. § 1983 ..........................................................................................1, 2, 5, 6, 11, 13

FED. R. CIV. P. 12..............................................................................................................3

FED. R. CIV. P. 15..............................................................................................................7

U.S. Const. amend. IV. .....................................................................................................2

U.S. Const. amend. XIV. ..................................................................................................2