## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AARON LARRY BOWMAN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **DOCKET NO. 3:20-cv-01372** |
| | * | |
| **OUACHITA PARISH SHERIFF'S** | * | **JUDGE TERRY A. DOUGHTY** |
| **OFFICE, ET AL.** | * | |
| | * | **MAGISTRATE JUDGE KAREN** |
| | * | **L. HAYES** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION AMEND COMPLAINT AND MOTION TO REMAND

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Mr. Aaron Bowman ("Mr. Bowman"), who respectfully submits this Reply in Support of his Motion to Amend Complaint (Doc. #47) and in Support of his Motion to Remand (Doc. #48). Three Defendants ("collective defendants") filed Oppositions to Plaintiff's motion. (Doc. #53-55). For the reasons previously expressed to this Court and for those set forth below, Mr. Bowman's Motion to Amend Complaint and Motion to Remand should be granted.

## I.      Procedural History

Mr. Bowman was brutally beat by the Defendant officers on May 30, 2019. Plaintiff and his original counsel filed the Petition for Damages in state court on September 21, 2020 alleging both state and federal claims. In this petition, there are novel and complex issues of state law prescription presented. First, with regards to his state negligence claims, normally Louisiana's prescriptive period is one-year. *See* La. C. C. art. 3492. However, Plaintiff alleged in the Petition for Damages that his state law claims are timely under Governor John Bel Edwards' Order regarding emergency suspension of prescription and preemption. *See* Plaintiff's Sept. 21, 2020

1

Petition for Damages at ¶50; Proclamation Number JBE 2020-30; La. R.S. 9:5828-30 (effective June 9, 2020). Whether Mr. Bowman's state negligence claims are timely under this new Louisiana statute is a *res nova* state law question that is proper for state courts to adjudicate. Secondly, Mr. Bowman alleged that the individually named defendants' employers are vicariously liable for their intentional torts under La. C. C. art. 2320. *See* Petition for Damages at ¶36-49. As opposed to negligence actions, Louisiana law provides a two-year prescriptive period for intentional torts involving crimes of violence. *See* La. C. C. art. 3493.10. Applying Louisiana state law, courts have found employers vicariously liable for the state law intentional torts of their employees. *See, e.g.*, *Johnson v. Littleton*, 45,323 (La. App. 2 Cir. 05/19/20); 37 So.3d 542, 544-45.

On December 23, 2020, undersigned counsel from the Unglesby Law Firm and Haley and Associates moved to enroll in this case, which was granted on December 28, 2020. (Doc. #38, ECF #43). Responses to several defendants' motions to dismiss under F.R.C.P. art. 12(b)(6) were due December 24, 2020. This Court granted Plaintiff's motion to extend time to respond and set a new deadline of January 14, 2021. (ECF #46). After reviewing the case and all the motions, in their first filing in the case, undersigned counsel from the Unglesby and Haley firms filed a motion to amend the complaint to dismiss all federal claims and remand this case to state court. (Docs #47 & 48). At the time of this motion, no discovery has been conducted—not even Rule 26(a)(1) disclosures or limited discovery into the Rule 12(b)(6) claims. No experts have been retained or disclosed. There is no scheduling order. No Rule 26(f) conference has occurred. This case is in what would be the definition of its "infancy."

As a preliminary note, as alternative relief if Plaintiff is allowed to amend his complaint, the collective defendants ask this Court to dismiss Plaintiff's federal claims with prejudice.

Plaintiff voluntarily offers to dismiss all federal claims with prejudice, thus no such ruling is needed.

## II.      Mr. Bowman's Motion to Amend Complaint Should Be Granted

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts that leave to amend a complaint should be "freely given." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). Factors to consider in determining whether leave to amend should be granted include: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether there have been repeated failures to cure deficiencies by amendments previously allowed; (4) whether leave to amend would be unduly prejudicial to the opposing parties; and (5) whether the proposed amendment would be futile. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981); *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996.

Contrary to the Defendants' assertions, Mr. Bowman's Motion to Amend Complaint was not filed in bad faith or with undue delay or for dilatory motive; further his amendment will not prejudice the Defendants or be futile. There are currently no deadlines set, no discovery has taken place, no scheduling orders are in place, and this case has only been pending since September 21, 2020—not even 5 months. Since the filing of Mr. Bowman's Original Complaint and his First Amended Complaint, he obtained additional counsel of record who, upon their review and evaluation of Mr. Bowman's claims, promptly moved to amend Mr. Bowman's Complaint so as to dismiss his sole federal cause of action. Surely, parties are permitted to evaluate their positions and adopt legitimate strategies for moving forward and obtaining a favorable result. This is not a case that has been pending for years with discovery conducted with the same Plaintiff counsel

from the beginning attempting to shift course on the eve of summary judgment in bad faith like the cases cited by the collective defendants.

Nevertheless, the Defendants oppose Mr. Bowman's Motion to Amend Complaint, asserting that Mr. Bowman's sole purpose for moving to amend his complaint and voluntarily dismiss his federal claim is to defeat federal jurisdiction. However, at such an early stage of the proceeding, such as in this case, the Defendants' assertion has been rejected by the Fifth Circuit and its district courts. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (agreeing with the district court that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping"); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999) (finding that an amendment to a complaint deleting the remaining federal claims was not improper forum manipulation); *Enochs v. Lampasas County,* 641 F.3d 155, 160 (5th Cir. 2011) (holding that a plaintiff's "motion to amend his complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all"); *Bias v. Foster*, No. 19-743-EWD, 2020 WL 1811369 (M.D. La., April 9, 2020) (same); *Savoy v. Pointe Coupee Parish Police Jury*, No. 15-128-JWD-RLB, 2015 WL 3773418 (M.D. La., June 16, 2015) (voluntary dismissal of the plaintiff's federal claims at an early stage of the proceeding does not alone constitute manipulative forum shopping); *Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, No. 06-998, 2007 WL 9810883 (E.D. La., Feb. 21, 2007) (where the plaintiff moved by amendment to delete her ERISA preempted claims and remand her case, that such actions are not bad faith forum manipulation but rather "a legitimate attempt to try her state law claims in the forum of her choice"). Mr. Bowman's Motion to Amend Complaint was not filed in bad faith.

Granting Mr. Bowman leave to amend his Complaint to dismiss his federal causes of action will not cause any undue prejudice to the Defendants. As mentioned above, there are currently no deadlines set, no discovery has taken place, no scheduling orders are in place, no motions for summary judgment have been filed, there have been no substantive rulings, and this case has been pending for less than 5 months. Moreover, Mr. Bowman does not object to the dismissal of his federal cause of action being with prejudice. Thus, the Defendants would not have to face the prospect of defending against Mr. Bowman's federal claim now nor in the future.

The basis of the Defendants' "prejudice" argument is that they have filed motions to dismiss, which are currently pending. However, granting Mr. Bowman leave to amend will certainly not result in undue prejudice to the Defendants merely because they have a motion to dismiss pending. In *Center for Restorative Breast Surgery, LLC*, the defendants opposed the plaintiffs' motion to amend their complaint (so as to remove the federal causes of action), arguing that "they would be prejudiced if the Court were to permit amendment at this stage, given the resources that they have invested in removing plaintiffs' claims to federal court." 2007 WL 9810883, at *2. The Eastern District rejected such an argument "given the relatively early stage of this complex litigation, where no motions for summary judgment are pending and no rulings on motions to dismiss have been made." *Id.* Furthermore, the questions presented about prescription of Mr. Bowman's state law negligence claims will be of first impression regarding the interpretation of Governor Edwards' emergency order and the legislation enacted in June regarding state law prescription. *See* Proclamation Number JBE 2020-30; La. R.S. 9:5828-30 (effective June 9, 2020). Thus, since these purely state law claims predominate this litigation, it is appropriate for them to be adjudicated by a state court. The defendants will still be able to move for and receive a ruling on their motions to dismiss, only in a more proper forum.

Additionally, Mr. Bowman's amendment will not "fundamentally alter the nature of the case." *See In re American International Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid). Nor will Mr. Bowman's amendment require the defendant to reopen discovery or prepare a new defense. See *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (noting that a defendant is prejudiced if the amendment would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]...that was before the court"). For these reasons, granting leave to amend will not prejudice any opposing party, and therefore this factor weighs in favor of granting leave to amend.

Lastly, Mr. Bowman's amendments will not be futile. Although Defendant LDPSC asserts that Mr. Bowman's state law causes of action are prescribed, and thus any amendment would be futile, that should be a matter for the state court to decide, as discussed in Section II, *infra*, particularly in light of Governor John Bel Edwards' proclamations and new legislation regarding the suspension of statute of limitations deadlines.

## II.    Mr. Bowman's Motion to Remand Should Be Granted

The jurisprudence of the Fifth Circuit, this Federal District, and the other Louisiana federal districts consistently hold that remand is warranted under the facts, circumstances, and procedural posture of this case. As opposed to the collective defendants' claims, there is no more federal questions jurisdiction, it is proper for this Court to remand. *See Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011); *Henderson v. Town of Greenwood*, No. 20-1030, 2020 WL 7213001 (W.D. La., Dec. 7, 2020); *Maynor v. Chennault International Airport Authority*, No. 18-1504, 2019 WL 2850127 (W.D. La., June 12, 2019); *Savoy v. Pointe Coupee Parish Police Jury*, No.

15-128-JWD-RLB, 2015 WL 3773418 (M.D. La., June 16, 2015); *Bias v. Foster*, No. 19-743-EWD, 2020 WL 1811369 (M.D. La., April 9, 2020); *Hammerman & Gainer, Inc. v. City of New Orleans*, No. 17-4780, 2017 WL 2241090 (E.D. La., May 23, 2017).

In *Enochs v. Lampasas County*, the district court faced a procedural posture nearly identical to this case. 641 F.3d 155, 160 (5th Cir. 2011). There, the plaintiff filed suit against the defendants, alleging violations of federal law under 42 U.S.C. §§ 1983 and 1985, as well as violations of Texas state law under the Texas whistleblower statute. 641 F.3d at 157. The defendant removed the case to federal court and filed a motion to dismiss both the federal and state law claims. *Id.* In response, the plaintiff moved to amend the complaint to remove all federal causes of action and then moved to remand the case to state court. *Id.* The district court dismissed the federal claim and denied the plaintiff's motion to remand. *Id.* at 157–58. On appeal, the Fifth Circuit found that the district court abused its discretion by not reconsidering its jurisdiction following dismissal of the federal claims. *Id.* at 157. The court stated that, had the district court done so, "it likely would have followed the general rule and granted the motion to remand." *Id* at 161. The Fifth Circuit further noted that deference to the district court's discretion "cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of ... common law factors weighs heavily in favor of remand." *Id.* at 161–62. The district court was reversed and ordered to remand the case to state court.

In *Henderson v. Town of Greenwood*, a court in this District was tasked with deciding whether to grant the plaintiffs' motion to remand after having granted the plaintiffs' leave to amend their complaint so as to remove and dismiss all of their federal causes of action. No. 20-1030, 2020 WL 7213001 (W.D. La., Dec. 7, 2020). The court analyzed whether it should remand the case based on the statutory factors of 28 U.S.C. § 1367(c) and the common law factors of judicial

economy, convenience, fairness, and comity. *Id.* at *1. As to the common law factors, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the factors generally weigh such that the court should decline to exercise supplemental jurisdiction. *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Bias v. Foster*, No. CV 19-743-EWD, 2020 WL 1811369, at *3 (M.D. La. Apr. 9, 2020)). Further, "[j]udicial economy favors remand when the district court has devoted 'hardly any federal resources, let alone a significant amount of resources' to the state law claim at the time the federal claims were dismissed." *Id.* (citing *Savoy v. Pointe Coupee Par. Police Jury*, No. CIV.A. 15-128-JWD, 2015 WL 3773418, at *3 (M.D. La. June 16, 2015) (quoting *Enochs*, 641 F.3d at 159)). "Comity recognizes that federal courts are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Id.* (citations omitted). The court ultimately held that:

> [T]he statutory and common law factors favor remand. As § 1367(c)(3) lists as an appropriate reason to decline to exercise supplemental jurisdiction, the Court has dismissed all claims over which it has original jurisdiction. The federal claims were dismissed before a trial date was set and the Court has devoted little, if any, resources to consideration of the state law claims remaining in the suit. This action concerns land in the Town of Greenwood and involves the actions of officials in the Town of Greenwood, so it is convenient to have the case handled in the state court with jurisdiction over the town of Town of Greenwood.

*Id.* Accordingly, the court declined to exercise supplemental jurisdiction over the plaintiffs' purely state law claims and remanded the action to state court. *Id.*

In *Maynor v. Chennault International Airport Authority*, a court in this District was faced with deciding issues nearly identical to those present before this Court. No. 18-1504, 2019 WL 2850127 (W.D. La., June 12, 2019). In *Maynor*, the plaintiffs filed suit, asserting a federal claim on the face of their initial complaint by alleging defendants were liable under 42 U.S.C. § 1983. *Id.* at *2. However, post-removal, the plaintiffs voluntarily dropped all of their federal claims

8

against the defendants and subsequently moved to remand their case to state court. *Id.* The defendants opposed remand, arguing that the federal court is "well situated to examine plaintiffs' state-law claims under Louisiana Employment Discrimination Law ("LEDL") because they will be analyzed under the same framework as the federal-law discrimination claims that initially served as the basis for jurisdiction." *Id.* at *3. The defendants also argued that the plaintiffs "only dismissed their federal claims because plaintiffs believe 'they are advantaged by having the case heard in state court'" and that "because they have expended time and effort removing the case based on plaintiffs' federal claims, fairness dictates we should exercise jurisdiction in this matter." *Id.*

In granting the plaintiffs' motion to remand, the court noted that "when the federal claims are dismissed in the early stages of litigation—courts in this circuit have repeatedly found the balance of factors favors remand." *Id.* at *2 (citing *Guillot v. Coastal Commerce Bank*, 2010 WL 4812959, at *3 (E.D. La. 2010); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 590 (5th Cir. 1992); *Farmco, Inc. v. Gautreaux*, 2014 WL 1327983, at *6 (M.D. La. 2014); *Savoy v. Pointe Coupee Parish Police Jury*, 2015 WL 3373418, at *4 (M.D. La. 2015); *Hicks v. Austin Independent School Dist.*, 564 Fed.Appx. 747, 749 (5th Cir. 2014)). The court ultimately held the following:

> The federal claims in the matter were dismissed with prejudice and only state claims remain. Plaintiffs' dismissal of their federal law claims may be viewed as "forum manipulation" but they did so at their own prejudice, forever barring their ability to raise them again, thus any resources expended by defendants in removing this action will likely be offset by the resources they save having no further need to defend against plaintiffs' federal claims. When all federal claims are dismissed in the early stages of litigation, our jurisprudence favors remand of pendent state-law claims. Considering the interests of "judicial economy, convenience, fairness and comity," we find no compelling reason to exercise jurisdiction given the infancy of the case. Accordingly, we recommend the case be remanded.

*Maynor*, 2019 WL 2850127 at *3.

In this case, the statutory and common law factors also favor remand. This case is in the very early stages of litigation, the Court has likely devoted very little federal resources thus far, and this action concerns the actions of officials with Louisiana city and state departments and entities. There is no reason for this Court to retain jurisdiction over the purely state law issues in this case. The matter was originally filed in state court, it has only been pending in this Court for a few months, no discovery has taken place, trial is not set, there is no scheduling order, and there have been no substantive rulings.

This Court should rule on this motion and remand before the collective defendants' motions to dismiss. As outlined above, the issues presented regarding Mr. Bowman's state law negligence claims—and whether they are prescribed in light of Governor Edwards' emergency order and the new legislation—should be properly presented to state court in the first instance, particularly so any writs may be resolved by the Louisiana Supreme Court on this essential state law issue. Furthermore, whether the employers are vicariously liable for their employees' intentional torts— for which there is unquestionably a two-year prescriptive period—is likewise a pure state law question. This Court should grant Plaintiff's motion to voluntarily dismiss with prejudice all federal claims, and remand this case to state court.

The collective defendants' costs resulting from removal should not be levied against Plaintiff as his counsel has been working and acting in good faith, including this motion.

## III.    Conclusion

For all of the reasons set forth above, Mr. Bowman respectfully requests that he be granted leave to amend his Complaint, that his federal cause of action is dismissed, and that this case be remanded to state court.

Respectfully Submitted,
/s/ Christopher J. Murell

Christopher J. Murell (#32075)
**Unglesby Law Firm**
246 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Fax: (225) 336-4355
Chris@unglesbylaw.com

Ronald S. Haley, Jr. (#30900)
**Haley & Associates**
8211 Goodwood Blvd., Suite E
Baton Rouge, Louisiana 70806
Telephone: (225) 663-8869
Fax: (225) 888-900-9771
Rhaley@ronaldhaleylawfirm.com

Donecia Banks-Miley, #35641
Jessica Williams, # 32956
**Pleasant, Williams & Banks-Miley**
**Law Group, LLC**
901 North 3rd Street
Monroe, Louisiana 71201
318.605.4607 phone
318.605.4617 facsimile
dbmiley@pwblaw.net
jwill@pwblaw.net

*Counsel for Aaron Bowman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record, through the U.S Courts PACER system on this 12th day of February 2021, by electronically filing the same.

*/s/ Christopher J. Murell___*
Christopher J. Murell