UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

AARON LARRY BOWMAN                          CASE NO. 3:20-CV-01372

VERSUS                                      JUDGE TERRY A. DOUGHTY

OUACHITA PARISH                             MAG. JUDGE KAREN L. HAYES
SHERIFF'S OFFICE, ET AL.

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, are the

following motions filed by plaintiff Aaron Bowman:   a motion for leave to amend complaint

and to voluntarily dismiss all claims under 42 U.S.C. § 1983 [doc. # 47], and a motion to remand

all remaining state law tort claims to state court [doc. 48].   The motions are opposed.   For

reasons assigned below, the motion for leave to amend is GRANTED, and it is recommended

that all of plaintiff's federal claims be DISMISSED, WITH PREJUDICE.   It is further

recommended that plaintiff's motion to remand be GRANTED, and that the remaining state law

claims be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of

Louisiana.

## Background

On September 21, 2020, Aaron Bowman filed the instant "Petition for Damages for

Police Misconduct and Excessive Force," in the 4th Judicial District Court, for the Parish of

Ouachita, State of Louisiana, against the following defendants:   Ouachita Parish Sheriff's

Office; Sheriff Jay Russell; Metro Narcotics Unit; Monroe Police Department; Louisiana State

1

Police Department; University of Louisiana at Monroe Police Department; City of Monroe,

Parish of Ouachita; and Deputy Donovan Ginn.

Bowman alleged that on May 30, 2019, certain officers of the foregoing agencies

followed his vehicle home and approached him after he pulled into his driveway.   The officers

initially inquired and confirmed with Bowman that he did not have any drugs or weapons on

him.   Nevertheless, the officers proceeded to pull Bowman out of the vehicle.   The officers then

dragged Bowman facedown to the ground, and, despite his lack of resistance, hit and kicked him

for a period of time.   As a result of the attack, Bowman suffered multiple lacerations, a cut to

the top of his head, a fractured arm, and broken ribs.   According to Bowman, the officers then

fabricated a false narrative of the encounter.   Bowman was not arrested at the scene, but Deputy

Ginn obtained an arrest warrant for him three to four days later.

Bowman contends that the officers' actions were unreasonable, violated police

procedures, constituted excessive force, negligence, bad judgment, transgressed the Fourth and

Fourteenth Amendments to the U.S. Constitution, as well as certain provisions of the Louisiana

Constitution.   Plaintiff requested compensatory and punitive damages, plus attorney's fees,

under 42 U.S.C. § 1983, Louisiana tort law, and/or the Louisiana Constitution.[1]

On October 22, 2020, defendant, the Louisiana Department of Public Safety &

Corrections (incorrectly sued in the petition as "Louisiana State Police Department")

(hereinafter, "LDPS&C"), removed this matter to federal court on the basis of federal question

---

[1] Although plaintiff originally filed suit in state court, he inadvertently invoked federal question
jurisdiction, 28 U.S.C. § 1331, and federal supplemental jurisdiction, 28 U.S.C. § 1367.
(Compl., ¶ 2).

jurisdiction, 28 U.S.C. § 1331, pursuant to plaintiff's claim under 42 U.S.C. § 1983.   (Notice of Removal).

On October 29, 2020, defendant, LDPS&C filed a motion to dismiss for lack of personal jurisdiction, insufficiency of service of process, and for failure to state claim upon which relief can be granted (including a prescription argument) pursuant to Rules 12(b)(2) and (4)-(6) of the Federal Rules of Civil Procedure.   [doc. # 5].

On October 30, 2020, defendant, the Board of Supervisors for the University of Louisiana System (incorrectly sued as "University of Louisiana Monroe Police Department") (hereinafter, "ULS Board") filed a motion to dismiss for lack of subject matter jurisdiction (Eleventh Amendment immunity), lack of personal jurisdiction, insufficient service of process and/or service of process, and for failure to state a claim upon which relief can be granted (including a prescription argument) pursuant to Rules 12(b)(1)-(2) and (4)-(6) of the Federal Rules of Civil Procedure.   [doc. # 7].

On November 18, 2020, plaintiff filed an amended complaint wherein he invoked the jurisdiction of the court via 28 U.S.C. §§ 1331, 1343, and 1367.   (Amend. Compl. ¶ 5 [doc. # 19]).   He also effectively substituted defendants, LDPS&C and the ULS Board, for the incorrectly named iterations of these parties.   (Amend. Compl.).   He further added ten fictitiously named parties, consisting of five "John Doe" defendants and five "ABC Insurance Company" defendants.   *Id*.   Moreover, the amended complaint voluntarily dismissed the Ouachita Parish Sheriff's Office and Metro Narcotics Unit from the case and clarified some of the allegations against the remaining parties.   *Id*.

On November 18, 2020, plaintiff also sought and obtained the first of several motions for

extensions of time to respond to the pending motions to dismiss.   *See* doc. #s 20, 22, 24, 26-27, 33-36, 39-41, 44-46.

On December 2, 2020, defendant, ULS Board, filed its second motion to dismiss, wherein it re-urged its arguments from its initial motion, but re-focused them upon the amended complaint.   [doc. # 28].   Also, on December 2, 2020, defendants, the City of Monroe and the Monroe Police Department (collectively, the "City"), filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, a motion to stay the suit pending the outcome of related criminal proceedings.   [doc. # 31].

Rounding out the dispositive motion practice, on December 23, 2020, defendants, Ouachita Parish Sheriff Jay Russell and Deputy Donovan Ginn (collectively, the "Sheriff") filed a Rule 12(b)(6) motion to dismiss plaintiff's claims against them on the basis that the claims were time-barred.   [doc. # 37].

Plaintiff's several extensions of time ultimately caused him to have a January 14, 2021, deadline in which to respond to the pending motions and to again amend his pleading, ostensibly to join an additional defendant, Louisiana State Trooper Jacob Brown.   *See* doc. #s 39-41, 44-46.

On January 14, 2021, however, instead of filing an opposition to the pending motions and an amended complaint to join Trooper Brown, plaintiff filed the instant motions to amend his complaint to voluntarily dismiss his federal § 1983 claims and to remand his remaining state law claims to state court.

On February 5, 2021, defendant, ULS Board, filed an opposition to plaintiff's motions for

4

leave to amend and to remand.   [doc. # 53].   Defendant argued that plaintiff acted in bad faith
by seeking to dismiss his federal claims to defeat federal jurisdiction.   The ULS Board further
argued that it would suffer undue prejudice if plaintiff were permitted to amend his complaint
because then defendants would lose the opportunity to have their pending motions to dismiss
heard.   Alternatively, if the court were to permit the amendment, defendant urged the court to
dismiss plaintiff's federal claims *with* prejudice, and to strike paragraph 24 of the second
amended complaint, which still harbored a federal law allegation.

In opposition to the motion to remand, the ULS Board noted that while plaintiff cited 28
U.S.C. § 1447(c) as the basis for remand, that statute did not apply in the present circumstances
where the court enjoyed discretion to retain supplemental jurisdiction over the remaining state
law claims.   The ULS Board argued that the court should exercise that discretion and retain the
case.

On February 5, 2021, defendant, the LDPS&C, filed its opposition to plaintiff's motions
for leave to amend and remand wherein it questioned plaintiff's counsel's rationale and/or
motives for the several extensions of time.   [doc. # 54].   Defendant also argued that the court
should decide the pending motions to dismiss before reaching the motions for leave to amend
and to remand.   The LDPS&C asserted that the motion for leave to amend should be denied
because 1) plaintiff acted in bad faith, 2) defendant would be unduly prejudiced if its personal
jurisdiction argument was not resolved early in this case, and 3) the amendment was futile
because plaintiff's claims still remained time-barred, regardless of the forum.

Nonetheless, even if the court were to permit amendment, LDPS&C urged the court to
exercise its discretion to retain supplemental jurisdiction over the remaining state law claims.

Furthermore, if amendment were permitted, the LDPS&C urged the court to dismiss plaintiff's federal law claims with prejudice and cast plaintiff with court costs and the filing fees that it incurred to remove this matter to federal court.

Also on February 5, 2020[1], defendant, the City, filed its opposition to plaintiff's motions for leave to amend and remand, wherein it adopted the oppositions filed by its co-defendants. [doc. # 55].

On February 12, 2021, plaintiff filed his reply brief, whereby he voluntarily offered to dismiss all federal law claims, with prejudice.   [doc. # 56].   Accordingly, the matter is ripe.

## Law and Analysis

### I.    Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely" granted "when justice so requires."   Fed.R.Civ.P. 15(a)(2).   Furthermore, "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court . . ." *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998) (quoted source and internal quotation marks omitted).   However, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15(a) 'evinces a bias in favor of granting leave to amend.'"   *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)).   A district court must have a "substantial reason" to deny a request for leave to amend.   *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

In deciding whether to grant a party leave to amend, the court considers the following

factors:  1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.  *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   Absent any of these factors, leave should be granted.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman*, 371 U.S. at 182).

At the outset, the court finds that plaintiff did not unduly delay in seeking amendment. The motion was filed less than three months after removal, and within plaintiff's deadline, as extended, to oppose the motions to dismiss.   Indeed, the federal rules recognize that plaintiff should have the opportunity to amend his complaint at least once in response to a motion to dismiss.   Fed.R.Civ.P. 15(a)(1)(B).   While plaintiff amended his complaint previously, he subsequently realized that further amendment was required to concede more of the grounds raised by the motions.

Defendants argue that the proposed amendment should be denied because of bad faith/dilatory motive, undue prejudice, and futility.   Defendants asserted two grounds to support their contention that plaintiff acted in bad faith/with dilatory motive.   First, the LDPS&C argued that plaintiff misrepresented that it needed a third extension of time to amend its lawsuit for the purpose of joining Trooper Jacob Brown.   However, the court does not have grounds to question plaintiff's counsel's representation, at the time she sought those extensions, that she intended to join Trooper Brown.   The court observes that plaintiff filed a motion to enroll additional counsel only one day before the third set of motions for extension of time was filed.   *See* doc. #s 38-40. It would not be surprising that the new attorneys might have different ideas and opinions regarding how best to proceed.   In fact, it was one of the newly enrolled attorneys who filed the

instant motions for leave to amend and remand.   The court does not attribute any bad faith to plaintiff, or his attorneys, for this change of course.

Defendant, ULS Board, argued that plaintiff's motion for leave to amend was filed in bad faith because its stated purpose was to defeat federal jurisdiction.   However, it is manifest that an amendment to delete federal claims "is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011) (citations omitted).   Indeed, the Fifth Circuit has held that a plaintiff does not engage in forum manipulation when she files a motion to amend her complaint to delete her federal claims and simultaneously files a motion to remand the remaining state law claims.   *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir.1999).   Instead, this process is properly characterized as a legitimate effort by plaintiff to try her state law claims in the forum of her choice – especially, when the federal law claims are subject to dismissal on the merits in any event.   *Id*.[2]   The foregoing circumstances are present here.[3]

Defendants further argue that if the amendment is granted, then they will suffer undue prejudice because then they will not have the opportunity to have their motions heard. Defendants are correct that if the court grants leave to amend, then portions of their motions will

---

[2]  In *Bouie v. Equistar Chemicals LP*, the Fifth Circuit upheld the district court's finding of bad faith where the plaintiff sought leave to amend to retract his federal claims.   *Bouie v. Equistar Chemicals LP* 188 Fed. Appx. 233, 238 (5th Cir. 2006).   However, *Bouie* is an unpublished decision, and thus, does not constitute precedent.   (5th Cir. Rule 47.5).

[3]  It is this court's regular practice to decline to exercise supplemental jurisdiction over remaining state law claims when the federal law claims that conferred subject matter jurisdiction have been dismissed.

be rendered moot and not heard.   However, defendants will not be unduly prejudiced thereby.

Plaintiff has offered to voluntarily dismiss all of his federal claims with prejudice, i.e., to enact

the very relief sought by defendants' motions as to these claims.[4]   Defendants' additional

grounds for dismissal of plaintiff's state law claims, including lack of personal jurisdiction, may

be heard and considered by the state court.   *See* discussion, *infra*.   Therefore, defendants will

not be denied the opportunity to secure dismissal of plaintiff's claims.

Defendants also argue that the proposed amendment is futile because it will not change

the fact that plaintiff's claims are prescribed, regardless of the forum in which he proceeds.

However, this "futility" argument appears to conflate the remand issue with the motion for leave

to amend.   As the court appreciates the matter, the principal purpose of the proposed amendment

is to dismiss all of plaintiff's federal law claims so plaintiff may seek remand of the remaining

state law claims.   The proposed amendment appears to achieve that purpose, and thus, it is not

futile.   The amendment certainly does not seek to *add* any state law claims that are time-barred.

The state law claims preexisted the amendment, and the timeliness of those claims will be a

matter for the state court to decide.   *See* discussion, *infra*.

In sum, the court finds no "substantial" basis to deny leave to amend.   *See Lyn-Lea*

*Travel Corp., supra*.   Thus, leave to amend shall be granted.

## II.   Remand

When, as here, all claims which conferred original jurisdiction are dismissed, the court

---

[4]  The court perceives no good reason to address the merits of plaintiff's federal law claims
within the context of defendants' motions to dismiss, when plaintiff has conceded and is willing
to voluntarily dismiss the federal claims with prejudice.

may decline to exercise supplemental jurisdiction over the remaining state law claims.   28

U.S.C. §1367(c)(3).[5]   In fact, this is the general rule.   *Priester v. Lowndes County*, 354 F.3d

414, 425 (5th Cir. 2004) (citation omitted).   Nonetheless, when deciding whether to relinquish

jurisdiction over pendent state law claims, the court must look to the statutory factors set forth in

28 U.S.C. § 1367(c) and the common law factors of judicial economy, convenience, fairness, and

comity.   *Enochs, supra* (citations omitted).   The court also should "guard against improper

forum manipulation."   *Id*. (citation omitted).

The statutory factors include:   "(1) whether the state claims raise novel or complex

issues of state law; (2) whether the state claims substantially predominate over the federal

claims; (3) whether the federal claims have been dismissed; and (4) whether there are

exceptional circumstances or other compelling reasons for declining jurisdiction."   *Enochs*, 641

F.3d at 159 (citing 28 U.S.C. § 1367(c)).   Applying the foregoing considerations here, the court

finds that the remaining state claims present novel issues of state law pertaining to the effect of

Governor Edwards' emergency order suspending prescription and the legislation enacted in June

regarding state law prescription.   *See* Proclamation Number JBE 2020-30; La. R.S. 9:5828-30

(effective June 9, 2020).   There also is an issue as to whether Louisiana's two-year prescriptive

period for intentional torts involving crimes of violence might apply to the facts of this case.

*See* La. Civ. Code Art. 3493.10.   The court further finds that state law claims substantially

predominate over the now-non-existent federal claims.   *See Enochs, supra*.   In addition, all of

---

[5] Plaintiff urged remand under 28 U.S.C. § 1447(c).   However, the court had original subject matter jurisdiction at the time of removal and therefore, may exercise its discretion to retain supplemental jurisdiction over the remaining state law claims.   28 U.S.C. § 1367.

the federal claims have been dismissed.   It is manifest that the statutory option to decline

supplemental jurisdiction is available.[6]

Turning to the common law factors, the court finds that hardly any federal judicial

resources were devoted to consideration of plaintiff's state law claims.   Contrary to defendants'

impression, this court has not researched or prepared a ruling on defendants' motions to dismiss.

The motions to dismiss were not ripe previously, as plaintiff never filed his opposition.

Accordingly, judicial economy will not be served by retaining the state law claims here.

The convenience consideration appears to be no better than neutral.   Both the state and

federal courts are located a few blocks apart in Monroe, Louisiana.   As far as financial

inconvenience goes, defendants' motions and arguments pertaining to the remaining state law

claims may be carried with the case and restyled for consideration by the state court, as needed.

No scheduling order has issued, and no discovery has been authorized in this court.

It also is fair to have Louisiana state law claims heard in Louisiana state court.

Defendants' protestations notwithstanding, the court discerns no cognizable or material prejudice

to either side associated with remand.   *Enochs, supra.*   Finally, "comity demands that the

'important interests of federalism and comity' be respected by federal courts, which are courts of

limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'"

*Id*.   (quoted source omitted).   In sum, the overall balance of the common law factors weighs

heavily in favor of remand.   *See Enochs, supra.*

---

[6] The statute lists the circumstances where the court may decline to exercise supplemental
jurisdiction in the disjunctive.   *See* 28 U.S.C. § 1367(c).   Accordingly, the presence of but one
factor will suffice to support remand.

In *Enochs*, the Fifth Circuit emphasized that improper forum manipulation was not so serious a concern that it could trump the foregoing factors that the court was obliged to consider and balance. *Enochs, supra*. As in *Enochs*, any forum manipulation here was not so improper that it may serve to override the balance of other factors that overwhelmingly favor remand. *Id*.

It is worth noting that plaintiff enjoys a legitimate interest in preserving the state court forum that he chose originally. As Judge Rubin once remarked, "[f]orum-shopping is sanctioned by our judicial system. It is as American as the Constitution, peremptory challenges to jurors, and our dual system of state and federal courts." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir.1983). "The existence of these choices not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause." *Id*. In other words, forum-shopping is an argument that cuts both ways.

In the event of remand, defendant, LDPS&C urged the court to assess cost and fees associated with removal against plaintiff. Defendant, however, did not cite any authority for such an award. Furthermore, the removal was not a waste of time or an act in vain. The removal and motions to dismiss persuaded plaintiff that his federal law claims were not tenable. If defendant had not removed the case, it is not obvious that plaintiff would have been so willing to concede the non-viable nature of his federal claims, especially if the issue remained intertwined with his state law claims. Removal has caused the case to become streamlined, and the parties now can focus their energies and resources on the state law claims.

In sum, the court declines to exercise supplemental jurisdiction over plaintiff's remaining

state law claims.   28 U.S.C. § 1367(c)(3).

## Conclusion

For the foregoing reasons,

IT IS ORDERED that plaintiff's motion for leave to file his second amended complaint [doc. # 47] is GRANTED,[7] with the understanding that any reference to federal law contained therein is not a claim for relief under federal law, and, in further confirmation of that,

IT IS RECOMMENDED that plaintiff's associated motion to voluntarily dismiss, with prejudice, all of his federal claims [doc. #s 47 & 56] be GRANTED.

IT IS FURTHER RECOMMENDED that plaintiff's motion to remand [doc. # 48] be GRANTED, and that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.   The pending motions to dismiss will be carried with the case.

IT IS FURTHER RECOMMENDED that defendant's request for costs and fees [doc. # 54] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any

---

[7]   As this motion is not excepted within 28 U.S.C. §636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.   Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 22nd day of February 2021.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

14