UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **AARON LARRY BOWMAN** | **CIVIL ACTION NO. 3:20-CV-01372** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA PARISH SHERIFF'S OFFICE, ET AL** | **MAGISTRATE JUDGE McCLUSKY** |

### ANSWER AND AFFIRMATIVE DEFENSES OF BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM (the "Board) (incorrectly named by plaintiff as "University of Louisiana System Board of Supervisors"), which for response to plaintiff's Second Amended Complaint states that:

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff fails to state any claim against the Board upon which relief can be granted.

#### Second Defense

The Board did not violate any constitutional, statutory or other right(s) of plaintiff, and all actions complained were objectively reasonable in light of clearly established law; the actions referenced in plaintiff's Petition were made in good faith for good cause and without malice; further, any and all actions complained of were essential and necessary to the operation of the Board's business and for protection of the public.

### Third Defense

The Board is entitled to absolute and/or qualified immunity and/or limitations of damages and/or liability pursuant to the Constitution and/or laws of the State of Louisiana, including but not limited to La. R.S. 9:2798.1 (Policymaking or discretionary acts or omissions of public entities or their officers or employees), La. R.S. 13:5106 (Limitations on liability), and La. R.S. 13:5112 (Suits against the State or political subdivision; court costs; interest).

### Fourth Defense

The Board further affirmatively pleads it is entitled to all protections and limitations available to departments, boards, commissions, agencies and/or political subdivisions of the State of Louisiana, including but not limited to those named in La. R.S. 13:5101, *et seq*.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the rationale of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which bars claims for alleged harm caused by actions whose unlawfulness would render a conviction or sentence invalid (*Id.,* 512 U.S. at 486-487, 114 S.Ct. at 2372), and which rationale is applicable to State law claims such as those asserted by plaintiff. *See Williams v. Harding,* 2012-1595 (La. App. 1 Cir. 4/26/13), 117 So.3d 187, 190 (and cases cited therein); *El-Mumit,* 1988-0356 (La. App. 1 Cir. 9/28/17), 232 So.2d 590, 595; *Price v. City of Bossier,* 2021 WL 48423, * 3 (5th Cir. 2021) ("Louisiana applies the *Heck* rationale to state law tort claims.")

### Sixth Defense

Plaintiff's claims are barred in whole or in part because civil suits are not allowed to collaterally attack previous criminal convictions. *See e.g., Lemoine v. Wolf,* 2014-1546 (La.

-2-

3/17/15), 168 So.3d 362, 368 ("If the accused is convicted, allowing a malicious prosecution action to proceed would involve a collateral attack on the judgment, which is not permitted"); *see also, El-Mumit, supra,* 232 So.3d at 595 ("The jurisprudence clearly holds that civil suits are not allowed to collaterally attack previous criminal convictions").

### Seventh Defense

The Board avers there was reasonable suspicion for officers to approach and engage plaintiff; and that there was probable cause to subsequently arrest plaintiff for the offenses with which he was charged.

### Eighth Defense

The Board affirmatively pleads the applicability of comparative fault principles as stated in La. C.C. art. 2323(A) and (B), as well as the law of joint and divisible liability as stated in La. C.C. art. 2324, so as to completely bar or limit liability against the Board.

### Ninth Defense

The Board affirmatively alleges it is entitled to contribution and/or indemnity from others for any damage amounts the Board may be ordered to pay (the liability for which damage amounts is amounts is denied).

### Tenth Defense

Plaintiff's claims under the Fourth and Fourteenth Amendments to the United States Constitution have been dismissed as per the *granting* of plaintiff's motions to voluntarily dismiss, with prejudice, all of plaintiff's federal claims. *See* Report and Recommendation (Doc. 60, p. 13, granting motions to voluntarily dismiss with prejudice, Doc. 47 ["Plaintiff's Motion to Amend Complaint and Voluntarily Dismiss all Claims Under 42 U.S.C § 1983"] and Doc. 56 [Memo]).

**Eleventh Defense**

The Louisiana Code of Civil Procedure and La. R.S. 42:1441.3 provide no basis for tort recovery, and all claims asserted by plaintiff on the basis of the Louisiana Code of Civil Procedure as well as La. R.S. 42:1441.3 state no cause of action.

**Twelfth Defense**

Plaintiff's claims are barred by prescription.

**Thirteenth Defense**

Plaintiff's claims are not saved from prescription as per the Louisiana Supreme Court and Governor John Bel Edwards' emergency declarations referenced in plaintiff's Petition. Plaintiff's relied-upon authority is not applicable to prevent the running of prescription as to plaintiff's untimely lawsuit (which had to be filed no later than May 30, 2020). *See, inter alia,* La. R.S. 9:5828; La. R.S. 9:5829(A); La. R.S. 9:5830; and the June 25, 2020 effective date of La. C.C. art. 3472.1 (which Article could not have been used by the Louisiana Supreme Court to suspend COVID-related deadlines, and it did not). Further, the State of Emergency declared on August 21, 2020 in relation to Hurricane Laura did not apply to the already-prescribed claims of plaintiff.

**Fourteenth Defense**

Plaintiff's alleged injuries and damages, if any, were caused by his own negligence and/or fault and/or actions and/or the actions of others for whom the Board is not legally responsible and/or liable.

**Fifteenth Defense**

The Board avers the sole and proximate cause of the incident at issue and any damages or injuries resulting therefrom were the actions of plaintiff, as evidenced by his failure to submit to a

lawful arrest as required by La. C.Cr.P. art. 220; in refusing to follow the verbal commands of officers; and in resisting a lawful arrest.

### Sixteenth Defense

In the alternative, to the extent plaintiff shows he has sustained any damages, plaintiff has failed to mitigate such alleged damages.

### Seventeenth Defense

In the alternative, to the extent plaintiff shows he has sustained any damages, plaintiff has no right to recover any amounts written off or contractually adjusted by any health care provider because of that provider's receipt of Medicare and/or Medicaid payment for plaintiff's medical treatment.

### Eighteenth Defense

In the alternative, to the extent plaintiff shows he has sustained any damages, plaintiff has no right to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by him and by operation of law to Medicare and Medicaid.

### Nineteenth Defense

Any and all law enforcement officers and/or employees engaged in any law enforcement related activities (who were employed by the Board) are entitled to qualified immunity. The referenced officers and/or employees at all times acted as allowed by law and within the performance of their discretionary functions; with regard to any actions taken in relation ot plaintiff (if any), any and all officers and/or employees did not violate any clearly established statutory or constitutional right of plaintiff; further, any officers and/or employees had reasonable suspicion and/or probable cause for any action taken in relation to plaintiff (if any).

**Twentieth Defense**

Plaintiff's claim for punitive damages is not authorized by Louisiana law (as applied to the allegations of plaintiff's Second Amended Complaint), and punitive damages are therefore not available. *Chauvin v. Exxon Mobil Corp.,* 2014-0808 (La. 12/9/14), 158 So.3d 761, 768 ("The general public policy in Louisiana is against punitive damages. ... Thus, <u>punitive damages ... are not allowed unless expressly authorized by statute.</u> And even when a statute does authorize the imposition of punitive damages, it is strictly construed.") (Emphasis added)

**AND NOW, for Answer to the specific allegations of plaintiff's Second Amended Complaint, the Board states as follows:**

1.

For response to Paragraph 1, the allegations of plaintiff's sex and race are admitted; the remaining allegations of Paragraph 1 are denied for lack of information sufficient to justify a belief therein.

2.

For response to Paragraph 2, the Board admits it is made a defendant; further answering, the Board denies its name is "University of Louisiana System Board of Supervisors" as alleged in Paragraph 2 (D). The remaining allegations of Paragraph 2 are denied as written.

3.

The allegations of Paragraph 3 state legal conclusions and do not require a response.

4.

For response to Paragraph 4, plaintiff's allegations of jurisdiction and venue constitute

conclusions of law for which a response is not required. Further responding, the Board denies any and all liability for claims, causes of action and damages as referenced in Paragraph 4; any and all remaining allegations of Paragraph 4 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of Paragraph 5 are denied insofar as they purport to pertain to the Board; any remaining allegations of Paragraph 5 are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of Paragraphs 6, 7, 8, 9, 10 and 11 are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of Paragraphs 12 and 13 are denied as they purport to relate to the Board.

8.

The allegations of Paragraphs 14, 15, and 16 are denied for lack of information sufficient to justify a belief therein.

9.

The allegations of the first sentence of Paragraph 17 are denied for lack of information sufficient to justify a belief therein. The allegations of the second sentence of Paragraph 17 are denied as they purport to relate to the Board. The allegations of the third sentence of Paragraph 17 are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of Paragraphs 18, 19, 20, 21, 22 and 23 are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of Paragraphs 24 are denied as they purport to relate to the Board; further responding, plaintiff's federal law claims have been dismissed (*see* **Tenth Affirmative Defense**).

12.

The allegations of Paragraphs 25 and 26 constitute conclusions of law and/or fact, for which a response is not required; however to the extent a response may be necessary, the allegations are denied. Further responding, defendant herein denies the Louisiana Code of Civil Procedure is applicable to plaintiff's claims.

13.

The allegations of Paragraphs 27 and 28 are denied.

14.

The allegations of Paragraphs 29 and 30 constitute conclusions of law and/or fact, for which a response is not required; however, to the extent a response may be necessary, the allegations are denied. Further answering, defendant herein denies the Louisiana Code of Civil Procedure is applicable to plaintiff's claims.

15.

The allegations of Paragraphs 31, 32, 33 and 34 are denied.

16.

The allegations of Paragraphs 35 and 36 constitute conclusions of law and/or fact, for which a response is not required; however, to the extent a response may be necessary, the allegations are denied.

17.

The allegations of Paragraph 37 (including subparagraphs (a) through (f)) are denied.

18.

The allegations of Paragraph 38 (including subparagraphs 1-12) are denied.

19.

The allegations of plaintiff's <u>unnumbered Paragraph</u> immediately below Paragraph 38 referencing all defendants and asserted claims, are denied. Further responding, plaintiff states no basis for any award of <u>punitive damages</u>, which are not allowable under the assertions made by plaintiff herein.

20.

The allegations of plaintiff's unnumbered "WHEREFORE" paragraph are denied. Further responding, the Board avers plaintiff is not entitled to any damages, costs, interest and/or any other relief whatsoever.

WHEREFORE, defendant, BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM (improperly named herein as "University of Louisiana System Board of Supervisors), prays:

(1) That its Answer and Affirmative Defenses be deemed good and sufficient; and

(2) That plaintiff's claims be denied and dismissed with prejudice, at plaintiff's cost.

Respectfully submitted,

JEFF LANDRY
Attorney General

By: */s/ Steven M. Oxenhandler*
    Steven M. Oxenhandler (#28405)
    soxenhandler@goldweems.com
    Michael J. O'Shee (#10268)
    moshee@goldweems.com
    Joshua J. Dara, Jr. (#35739)
    jdara@goldweems.com
    GOLD WEEMS LAW FIRM
    2001 MacArthur Drive
    P.O. Box 6118
    Alexandria, LA 71307-6118
    Telephone: (318) 445-6471
    Facsimile: (318) 445-6476

    **SPECIAL ASSISTANT ATTORNEYS GENERAL AND COUNSEL FOR THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM**